IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

MATTHEW BENZION and THEODORE
GLASER, individually and on behalf of
others similarly situated,

        Plaintiffs,

  v.

VIVINT, INC., a Utah corporation,        **CLASS ACTION**

        Defendant.        **JURY TRIAL DEMANDED**
_____/

## COMPLAINT

1.      Plaintiffs Matthew Benzion and Theodore Glaser bring this action against Defendant Vivint, Inc. to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as a result of Defendant causing unsolicited calls to be made to the cell phones of Plaintiffs and others using an autodialer and/or artificial or prerecorded voice message.

## JURISDICTION AND VENUE

2.      The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). The Court further has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iv) none of the exceptions under that section apply to this action.

3. This Court has personal jurisdiction over Defendant and venue is proper because: (1) Defendant does business in this District, and (2) a substantial part of the events giving rise to Plaintiffs' claims occurred here, including the unwanted calls that Defendant caused to be made to Plaintiff Benzion's cellular telephone using an automatic telephone dialing system and/or pre-recorded message.

## PARTIES

4. Plaintiff Matthew Benzion is a natural person and resident of Broward County, Florida.

5. Plaintiff Theodore Glaser is a natural person and resident of Brevard County, Florida.

6. Defendant Vivint, Inc. ("Vivint") is a Utah corporation with its principal place of business at 4931 North 300 West, Provo, Utah 84604. Vivint provides home security and other services nationwide, including within this District.

## FACTS

7. Defendant is a home automation company that provides and markets home security products and services, among other things.

8. Within the four years prior to the filing of this action, Defendant—whether directly, through affiliate marketers, or otherwise—used equipment to dial the cellular telephone numbers of potential customers, including Plaintiffs. On information and belief, the dialing equipment used had the capacity to dial numbers without human intervention.

9. Many if not all of these calls also utilized artificial and/or prerecorded voice messages to market Vivint's home security products and services.

10. Unfortunately, many of the people whose cell phones were called as a result of Defendant's autodialing and artificial or prerecorded voice message practices never actually consented to receive such calls.

11. On information and belief, many of these individuals were called more than once, and Defendant lacks a sufficiently adequate system for limiting the number of autodialed or prerecorded calls to cell phones for which it does not have prior express permission to call. These are unsolicited "cold calls" made for the purpose of generating leads for sales of Defendant's products and/or services.

### Facts Relating to Plaintiff Benzion

12. Starting in or about March 2012, Plaintiff Benzion began to receive calls to his cell phone—sometimes multiple times a day—consisting of an automated, prerecorded message advertising a "free" wireless security system in exchange for putting the company's sign in his yard.

13. These calls came from numbers including but not limited to (503) 563-0357, (503) 902-8127, and (503) 902-8279.

14. After answering one of these calls from (503) 902-8279 on or about April 9, 2012, Plaintiff Benzion went through the call's automated process to speak with a live representative, who informed Plaintiff that he was promoting Vivint.

15. Many, if not all, of these calls from or on behalf of Defendant were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention.

16. On information and belief, no human being pressed the digits of Plaintiff's cellular telephone number into a phone to call Plaintiff in connection with the calls he received

from or on behalf of Defendant, including but not limited to the calls made to Plaintiff on or around April 4, 2012, April 5, 2012, April 9, 2012, April 10, 2012, April 13, 2012, April 17, 2012, April 18, 2012, and April 25, 2012.

17. Plaintiff has never given Defendant permission to contact his cell phone, whether through the use of an autodialer, prerecorded or artificial voice message, or otherwise. Plaintiff's number is registered with the National Do-Not-Call List.

18. In fact, on at least one occasion in or around April 2012, in which Defendant caused Plaintiff's cell phone to be called using a prerecorded voice message, when the message prompted Plaintiff to press a certain number to be removed from the call list, Plaintiff pressed that number. This had no effect in stopping Defendant's calls to Plaintiff's cell phone; Defendant continued to call Plaintiff's cell phone via an autodialer and/or using prerecorded voice messages. Plaintiff even continued to receive calls from or on behalf of Defendant after directly requesting that further calls cease during his conversation with Defendant's representative on or about April 9, 2012.

19. Plaintiff was damaged by Defendant's calls. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls forcing him to divert attention away from his work and other activities, especially given Defendant's complete disregard of his repeated requests to cease.

<b><u>Facts Relating to Plaintiff Glaser</u></b>

20. Plaintiff Glaser owns and pays for two prepaid cellular telephones, one of which is used primarily by his wife.

21. In or about April 2012, Plaintiff answered a call on his cell phone from phone number (253) 246-8514.

22. The call consisted of a prerecorded voice message offering a "free" wireless security system in exchange for Plaintiff putting its sign in his yard.

23. On information and belief, this call was made by or on behalf of Defendant, and the sign referenced in the message was to be a sign for Vivint.

24. Additionally, on or about April 23, 2012, Plaintiff's wife received a call on her cell phone from (253) 246-8515.

25. On information and belief, this was a similar prerecorded voice message call made by or on behalf of Defendant.

26. On information and belief, these and the other prerecorded voice calls from Defendant were made using an autodialer—equipment with the capacity to dial phone numbers without human intervention.

27. Neither Plaintiff nor his wife has ever given Vivint express permission to contact their cell phones, let alone via an autodialer or with an artificial or prerecorded voice message.

28. Both cell phone numbers attributable to Plaintiff are listed on the National and Florida Do-Not-Call Lists.

29. On information and belief, Plaintiff's phones have received other home security sales calls from Vivint, as well.

30. Plaintiff was damaged by Defendant's conduct; not only was Plaintiff Glaser's privacy wrongfully invaded, but the calls cost him money through his prepaid phone plan.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiffs and the Class)

31. Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth herein.

5

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

33. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n. 23 (2007)).

34. Defendant used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiffs and the other members of the Class defined below. Many of these calls, including calls to Plaintiffs, utilized prerecorded messages.

35. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiffs and the other members of the putative Class when its calls were made.

36. As such, Defendant's calls were willful or, at a minimum, negligent. *See* 47 U.S.C. § 312(f)(1).

37. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or artificial or prerecorded voice message to make non-emergency telephone calls to the cell phones of Plaintiffs and the other members of the putative Class without their prior express permission.

38. As a result of Defendant's conduct and pursuant to Section 227(b)(3)(B) of the TCPA, Plaintiffs and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

39. Because Defendant knew or should have known that Plaintiffs and the other members of the putative Class had not given prior express consent to receive its autodialed and prerecorded voice calls to their cellular telephones—and/or willfully used an automatic telephone dialing system and/or prerecorded voice message to call the cell phones of Plaintiffs and the other members of the Class without prior express permission—the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to Section 227(b)(3) of the TCPA.

## Class Allegations

40. Plaintiffs bring this case on behalf of a Class defined as follows:

All persons in the United States who, within four years prior to the filing of this action, Defendant or some person on Defendant's behalf called on their cell phone using an artificial or prerecorded voice message or device with the capacity to dial numbers without human intervention, where Defendant's records fail to indicate prior express permission from the recipient to make such call.

41. Upon information and belief, Defendant called more than 100 phone numbers in the four years prior to the filing of this action utilizing a device with the capacity to dial numbers without human intervention or a message that had been recorded ahead of time, where Defendant did not have prior express permission for such call.

42. Common questions of law or fact exist as to all members of the putative Class and predominate over any questions solely affecting any individual member, including Plaintiffs. Such questions common to the Class include but are not limited to:

    a. Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether Defendant had prior express permission to contact Plaintiffs and the other members of the putative Class when it made calls to their cell phones using an automatic telephone dialing system or artificial or prerecorded voice; and

    c. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiffs and the members of the putative Class are entitled to trebled damages.

43. Plaintiffs' claims are typical of the claims of the other members of the putative Class. The factual and legal bases of Defendant's liability to Plaintiffs and the other members of the putative Class are the same: Defendant violated the TCPA by causing the cellular telephone number of each member of the putative Class, including Plaintiffs, to be called using an automatic telephone dialing system and/or artificial or prerecorded voice message without prior express permission.

44. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that might conflict with the interests of the Class. Plaintiffs are interested in pursuing their claims vigorously, and they have retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

45. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual action would entail.  There are, on information and belief, thousands of members of the putative Class, such that joinder of all members is impracticable.

46.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

47.     Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the putative Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

48.     The identity of the Class is, on information and belief, readily identifiable from the records of Defendant and/or any affiliated marketers.

WHEREFORE, Plaintiffs Matthew Benzion and Theodore Glaser, on behalf of themselves and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system or artificial or prerecorded voice message to call numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

      d.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated:  September  17, 2012                  Respectfully submitted,

                                                                 MATTHEW BENZION and
                                                                 THEODORE GLASER, individually
                                                                 and on behalf of others similarly
                                                                 situated

                                                              By:      /s/ Scott D. Owens
                                                                 Scott D. Owens (No.: 0597651)
                                                                 SCOTT D. OWENS, P.A.
                                                                 664 E. Hallandale Beach Blvd.
                                                                 Hallandale, FL 33009
                                                                 Telephone: (954) 589-0588
                                                                 Facsimile: (954) 337-0666
                                                                 scott@scottdowens.com

Alexander H. Burke*
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com

Daniel J. Marovitch*
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206
dmarovitch@marovitchlaw.com

* *pro hac vice* applications to be filed

*Counsel for Plaintiffs*