IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:12-CV-61826-WJZ

MATTHEW BENZION, individually and
on behalf of others similarly situated,

      Plaintiff,

vs.

VIVINT, INC., a Utah corporation,

      Defendant.

_____/

### DEFENDANT VIVINT, INC.'S FIRST MOTION TO COMPEL

Defendant, Vivint, Inc., by its counsel Thomas J. Cunningham, Martin W. Jaszczuk and

Bruce E. Reinhart, hereby moves to compel Plaintiff to respond to Defendant's First Request for

Production, Defendant's First Set of Interrogatories, and Defendant's First Set of Requests for

Admission pursuant to Fed. R. Civ. P. 26 and S.D. Fla. L. R. 7.1 and 26.1.

### INTRODUCTION

Vivint seeks to compel Plaintiff to fully and fairly respond to discovery requests seeking:

1.      To pin the Plaintiff down on the number of calls at issue in this case and the details regarding those calls, including the numbers from which they came;

2.      identification of the person to whom Plaintiff "gave away" a Dell computer he previously used to access the Internet;

3.      details regarding communications between Plaintiff's counsel and putative class members;

4.      a privilege log for the communications Plaintiff claims are privileged; and

5. fair responses to Vivint's First Requests for Admission.

## PROCEDURAL HISTORY

Vivint served its First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission on February 19, 2013. Plaintiff served his objections and responses to Vivint's discovery requests on March 25, 2013. Copies of Plaintiff's responses to Vivint's discovery requests are attached to this Motion as Exhibits 1, 2, and 3, respectively. On April 5, 2013 the parties met and conferred pursuant to Federal Rule of Civil Procedure 37. As a result of their conference the parties were able to reach several compromises. Unfortunately, several issues remain and require the Court's assistance to resolve.

**I. VIVINT SEEKS TO COMPEL THE PLAINTIFF TO DISCLOSE ALL OF THE DETAILS REGARDING THE CALLS AT ISSUE IN THIS CASE, INCLUDING THE NUMBERS FROM WHICH THE CALLS CAME AND THE DATES ON WHICH THE CALLS WERE RECEIVED.**

Details regarding the calls at issue in this case are critical. In its forthcoming motion for summary judgment, and at trial if necessary, Vivint intends to argue that (1) it is not vicariously liable for the violation of the TCPA by whoever called Plaintiff; and (2) that the calls to Plaintiff were discontinued within the time period following Plaintiff's request as permitted by applicable regulation. As the deadline for Vivint's motion for summary judgment is rapidly approaching, it is essential for Vivint to know who called Plaintiff and when the calls stopped.[1] This information is critical to Vivint's defense.

Vivint sought this information in several discovery requests. Most notably, Vivint's first interrogatory, which requested:

> *Please separately list and describe each and every call Plaintiffs claim were made by or on behalf of Vivint to their cellular telephones in violation of the TCPA, including the dates and times of such calls, the numbers from which they received*

---

[1] Pursuant to the scheduling order entered on January 3, 2013 (Dkt. 27), dispositive motions are due May 27, 2013.

> *the calls, the numbers at which each call was received, the company or individual who placed each call, whether Plaintiffs spoke with anyone during the call and the content of that conversation verbatim, the content of any messages or recordings allegedly played during the alleged calls verbatim, whether the callers or recordings mentioned Vivint, the length of each call, and everything Plaintiffs said or did in response to each such call, including whether Plaintiffs maintained any notes, records or documents related to each such call.*

(Ex. 1, Benzion's Responses to Vivint's First Set of Interrogatories at No. 1). Vivint sought an admission in its first request for admission that "the Calls you listed in response to Interrogatory No. 1 are the only Calls upon which You are bringing claims against Vivint." (Ex. 3, Benzion's Responses to Vivint's First Set of Requests for Admission at No. 1).

In response to these inquiries, Plaintiff was equivocal. He states in his response to Interrogatory No. 1 that he received calls "from numbers including *but not limited to. . . .*" (emphasis added). He states that he "received calls on *at least* the following dates. . . ." (emphasis added). In his response to Request to Admit No. 1 Plaintiff says that the calls listed in response to Interrogatory No. 1 "are the only known calls at this time *but there may be additional calls as well.*" (emphasis added).

In order for Vivint to have a fair opportunity to defend itself, it must know what calls Plaintiff is suing on, and there must be certainty about those calls. If Plaintiff has no other evidence of any other calls, or cannot provide any factual detail beyond the calls described in his response to Interrogatory No. 1, then this case should be limited to those calls. It would be unfair to permit Plaintiff to later decide that he received other calls on other dates from other numbers and therefore maybe Vivint isn't entitled to summary judgment after all.

## II.   PLAINTIFF SHOULD BE COMPELLED TO IDENTIFY THE THIRD PARTY TO WHOM HE GAVE AWAY HIS COMPUTER IN 2011.

One of Plaintiff's two claims is that he received calls on his cellular telephone that were placed using an automatic telephone dialing system and/or a pre-recorded or artificial voice.

(First Amended Complaint (Dkt. 17) at ¶¶ 15, 19). The uncontested facts show that Vivint did not call Plaintiff. However, Plaintiff claims that the evidence shows that he received the calls from a Phillippine company called DirectAccess Corporation. He will argue that Vivint hired a company called Axium Marketing, LLC to generate sales leads for Vivint, and that Axium in turn engaged DirectAccess to make the calls at issue in this case. He will argue that Vivint is liable for any violation of the TCPA by DirectAccess.

Vivint will argue that it is not vicariously liable for any unlawful conduct by DirectAccess. However, Vivint also seeks discovery regarding Plaintiff's consent to receive such calls. Vivint has learned that in the lead generation business, lead generators such as Axium purchase lists of names of individuals who have consented to receive telemarketing calls from "lead brokers." In this case, Axium purchased such lists from a Canadian broker known as "Opt-In Plus."[2] Axium has no record of receiving Plaintiff's contact information from Opt-In Plus, but the only calls DirectAccess made in an effort to generate sales leads for Axium came from Opt-In Plus. Accordingly, if Opt-In Plus did not sell Plaintiff's contact information to Axium, then DirectAccess was not calling Plaintiff on behalf of Vivint. However, Vivint believes that DirectAccess made calls for many home security companies and used a generic message in its effort to develop such sales leads. It is possible that Opt-In Plus sold Plaintiff's contact information to another lead generator who also used DirectAccess to place calls, and the calls Plaintiff received came from DirectAccess but not in an attempt to develop sales leads for Vivint.

In any event, Vivint has learned that companies such as Opt-In Plus, Silver Carrot, LLC, and PARS Media Group, LLC (other well-known lead brokers) obtain the names of the

---

[2] Vivint either has filed or shortly will file a motion seeking leave to issue letters rogatory to the Canadian government seeking its assistance in obtaining discovery from Opt-In Plus to discovery whether Opt-In Plus sold Benzion's contact information to Axium.

individuals on the lists they sell from various websites. These websites gather consumer information for the purpose of selling it to lead brokers such as Opt-In Plus, Silver Carrot and PARS Media Group. Often these sites offer an incentive. For example, at "www.123FreeTravel.com", consumers are invited to enter their phone number to be given free travel. By entering their number, the terms and conditions state that they agree to be contacted with certain offers.

Vivint has consulted with a non-testifying expert who advised Vivint that Plaintiff had visited many sites similar to "www.123FreeTravel.com" and that he consented to receive calls on the number he provided at these sites. Plaintiff has denied consenting to receive telemarketing calls. But Vivint seeks to verify or corroborate that denial by having Plaintiff's computers and other devises used to access the Internet examined by a forensic expert, to determine whether Plaintiff in fact visited any of the websites from which lead brokers such as Opt-In Plus, Silver Carrot and PARS Media Group purchase data that is later re-sold to lead generators such as Axium Marketing and in turn used by call centers such as DirectAccess to call people like Mr. Benzion. Plaintiff has refused to turn over any of this computers, his phone, his iPad or other devices he uses to access the Internet. Vivint's effort to obtain those devices for inspection is the subject of a separate motion. (Dkt. 59).

Vivint sought the identification of the devices Plaintiff has used to access the Internet in Interrogatory No. 8. In his response to Interrogatory No. 8, Plaintiff states that between 2006 and 2011 he owned a Dell laptop that he used "regularly." (See Exhibit 1, Benzion's Responses to Vivint's First Set of Interrogatories at No. 8). He states that he "ceased using the laptop with regularity in spring 2010, and gave it away in approximately 2011." (*Id.*). Interrogatory No. 8 asked: "If You no longer have a computer or device with which you have accessed the Internet

from 2006 to present, please state the disposition or current whereabouts of each such computer or device." Plaintiff refuses to divulge the identity of the person to whom he "gave away" the laptop he used for four years between 2006 and 2010.

If Vivint's motion to compel production of the Plaintiffs' computers and other devices used to access the Internet (Dkt. 59) is granted, then Plaintiff should be compelled to identify the person to whom he "gave away" his laptop. If that motion is denied, then the identity of the person to whom Plaintiff gave away his laptop is moot.

## III. PLAINTIFF SHOULD DISCLOSE THE CONTENT OF THE COMMUNICATIONS BETWEEN HIS COUNSEL AND PUTATIVE CLASS MEMBERS.

Vivint's Request for Production of Documents No. 8 requested that Plaintiff:

*Produce all Documents relating in any way to communications by Plaintiffs or their counsel with any potential class member about this lawsuit or any of the allegations set forth in the Complaint.*

(Ex. 2, Plaintiffs' Responses to Vivint's First Requests for Production No. 8). Plaintiff objects to this request on the basis that it "asks for information and documents that are protected by the attorney-client privilege and the work product doctrine." (*Id.*). That objection should be overruled and Plaintiff should disclose the content of the requested communications.

As set forth in the next section, Plaintiff has not produced a privilege log detailing the communications. However, during the parties' Rule 37 conference on April 5, 2013, Alex Burke, one of Plaintiff's counsel, took the position that putative class members were his clients and therefore his communications with them were privileged. In an e-mail dated April 15, 2013 following up on the issues raised during the Rule 37 conference, Mr. Burke stated ""we can tell

you that there have been no conversations with class members."[3] (Ex. 4). In a later e-mail dated April 17, 2013, Mr. Burke changed his position and stated "we have spoken with two class members. We maintain that the substance of such communications are privileged, but will disclose these people's identities." (Ex. 4).

First, as of the date of this Motion Plaintiff has not identified the individuals nor produced a privilege log listing the communications. Second, communications with putative or potential class members are not privileged. Putative class members are not parties to the litigation and are not represented by counsel for the Plaintiff. Only the client can assert the privilege, not the attorney. Here, the persons with whom Plaintiff's counsel had communications are not parties and are not asserting any privilege. Accordingly, communications between Plaintiff's counsel and putative class members are not privileged.

This issue was squarely presented in a New Jersey case, *Morisky v. Public Service Elec. & Gas Co.*, 191 F.R.D. 419 (D.N.J. 2000). There, plaintiff's counsel asserted the attorney-client privilege for the very same types of communications Vivint seeks from Plaintiff's counsel in this case. In *Morisky*, the court stated:

> . . .[plaintiff's counsel] appears to assert a representational relationship based on its projection that this litigation will proceed as a class action. However, at this juncture, this is only a putative class action and not a certified class action. [Putative class members] therefore, cannot be considered clients of [plaintiff's counsel's] law firm. Even if certified as a class, "class members are really neither parties to the litigation nor clients of plaintiff's counsel." *Penk v. Oregon State Bd. of Higher Ed.*, 99 F.R.D. 511, 516 (D. Or. 1983). As a result, only the named plaintiffs are clients of the [plaintiff's counsel's] firm at this stage. *Id.* Therefore [plaintiff's counsel] cannot assert the attorney-client privilege. . . .

---

[3] Technically this must be true, because there is no "class" in this case. Vivint opposes class certification and does not believe any class will ever be certified in this case. Vivint seeks communications with "putative" or "potential" class members and assumes that these are the individuals Mr. Burke refers to in his e-mails.

*Morisky*, 191 F.R.D. at 424.[4]

This conclusion is corroborated by the U.S. Supreme Court's recent decision in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013), in which the Court held that putative class counsel lacks authority to bind absent class members prior to class certification. *Standard Fire*, 133 S. Ct. at 1349. Because putative class counsel does not have an attorney-client relationship with putative class members – at least until a class has been certified – he or she cannot take actions that bind the putative class (such as voluntarily limiting damages, the issue presented in *Standard Fire*).

Simply put, neither Plaintiff nor Plaintiff's counsel can assert a privilege to shield communications with putative class members. These communications should be disclosed.

## IV.   PLAINTIFF SHOULD BE COMPELLED TO PRODUCE A PRIVILEGE LOG.

Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires that if a party claims information otherwise discoverable is being withheld on the basis of privilege, that party must describe the information being withheld in a privilege log. Plaintiff has not done so. Vivint seeks an order compelling Plaintiff to prepare and produce a privilege log for all information and documents being withheld on the basis of privilege so that Vivint can assess those assertions of privilege and seek relief if appropriate.

## V.   PLAINTIFF SHOULD EITHER PROVIDE FAIR RESPONSES TO VIVINT'S FIRST SET OF REQUESTS FOR ADMISSION OR HIS RESPONSES SHOULD BE DEEMED ADMISSIONS.

Requests for admission are a valuable tool properly used to narrow and focus issues for trial, or, as in this case, summary judgment. Vivint served Plaintiff with Requests for Admission

---

[4] Similarly, an attorney for the named plaintiff in a putative class case cannot claim that his or her communications with putative class members are "attorney work product." This argument was also considered and rejected in Morinsky. See Morinsky, 191 F.R.D. at 424-25.

that were intended to focus the parties and the Court on the matters that are truly in issue in this litigation, and to clear away the static and noise that might divert attention from those true issues. Unfortunately, Plaintiff made every effort to avoid either admitting or denying many of Vivint's requests. (See Ex. 3, Benzion's Responses to Vivint's First Set of Requests for Admission). Plaintiff should either be compelled to serve *fair* responses to Vivint's First Set of Requests for Admission or his responses should be deemed admissions.

In Request for Admission No. 2, Vivint asked Plaintiff to admit "that Vivint did not make the Calls listed in response to Interrogatory No. 1". This is a key issue in this case, as an admission means Vivint will not need to offer proof of this fact, and the Court can focus instead on the true issue: whether Vivint can be held liable for some other party's alleged violation of the TCPA. If Vivint cannot be held liable for that party's violation of the TCPA, then the parties and the Court do not need to spend time litigating the question of whether a violation even occurred. The first step in this analysis is to confirm that the calls in issue were not made by Vivint, but by some third-party.

Unfortunately, Plaintiff "denies" this Request and explains that he is denying it because:

> *Plaintiff interprets the word "make" to incorporate those calls placed by Vivint as well as those calls placed on behalf of Vivint.*

(Ex. 3, Benzion's Responses to Vivint's First Set of Requests for Admission No. 2). This is an unfair response in which Benzion attempts to "interpret" the word "Vivint" in a way that would include other persons. The point of the Request was to eliminate any dispute of fact over whether the calls in issue were placed by Vivint or by someone other than Vivint. Plaintiff should be compelled to either fairly answer this Request, or his response should be deemed an admission.

Similarly, Request for Admission No. 3, Vivint asked Plaintiff to admit "that Plaintiff Benzion was never told the calls of which he complains were made by Vivint." Plaintiff objected to this request "because it is equivocal." (Ex. 3, Benzion's Responses to Vivint's First Set of Requests for Admission No. 3). He goes on to explain that during one call the person on the other end of the line told him that "the call was made in order to sell Vivint products or services." (*Id.*). He then states that he has learned that Vivint "contracted with several telemarketing and lead generation companies, for the express purpose of making telemarketing calls on behalf of Vivint."[5] (*Id.*). Finally, on the basis of these statements, he "denies" the request. The fact is, no one ever told Plaintiff that the calls he received "were made by Vivint." Plaintiff's effort to justify a denial by saying that whoever made the call said "the call was made in order to sell Vivint products or services" does not justify denial of a request to admit that no one ever told him the call was made by Vivint. The call may very well have been made by some third-party "in order to sell Vivint products or services" and thus was not made by Vivint. This Request should be deemed admitted.

In Request for Admission No. 4, Vivint asked Plaintiff to admit "that You have no information supporting the allegation that Vivint or one of its employees made the calls complained of by Plaintiff Benzion." (Ex. 3, Benzion's Responses to Vivint's First Set of Requests for Admission No. 4). Plaintiff simply denies this request, ostensibly for the same reasons he denied Requests 1, 2 and 3. Once again, Plaintiff should be compelled to either provide a fair response to this Request or it should be deemed admitted.

---

[5] This is untrue. Vivint contracted with several lead generators to buy sales leads from them. Vivint makes its own telemarketing calls based on those sales leads. Calls by lead generators are not intended to promote Vivint's products or services but rather to determine the interest of consumers in home security service and to obtain their consent to receive a call from Vivint in which those products or services are promoted.

## CONCLUSION

For all of the foregoing reasons, Vivint's Motion to Compel should be granted.  Plaintiff should be compelled to:

(1)     disclose all of the calls that are the subject of this lawsuit and not leave Vivint to guess whether there might be some additional calls Plaintiff later contends also violated the TCPA; in the alternative, this Court should enter an order limiting the evidence that Plaintiff may present to the calls disclosed in his First Amended Complaint and in his responses to Vivint's Interrogatory No. 1;

(2)     identify the person to whom Plaintiff "gave away" the Dell computer he used to access the Internet between 2006 and 2010;

(3)     disclose the content of all communications between Plaintiff's counsel and putative class members;

(4)     produce a privilege log as required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii); and

(5)     fairly respond to Vivint's First Requests for Admission or those requests as to which Plaintiff has not fairly responded should be deemed admitted.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Counsel for the Defendant hereby certifies that he has conferred with Plaintiff's Counsel and has been unable to resolve these discovery issues.

Dated: April 24, 2013

LOCKE LORD LLP

/s/ Bruce E. Reinhart
Bruce E. Reinhart
Florida Bar No. 0010762
Flagler Center Tower
505 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Phone:  (561) 472-2970
Email:  *breinhart@mcdonaldhopkins.com*

Elizabeth J. Campbell
Florida Bar No. 0027916
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, Georgia 30305
Phone:  (404) 870-4600
Email:  *ecampbell@lockelord.com*

Thomas J. Cunningham  (*pro hac vice*)
Martin W. Jaszczuk  (*pro hac vice*)
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  (312) 443-0610
Email:  *tcunningham@lockelord.com*
Email:  *mjaszczuk@lockelord.com*

*Attorneys for Defendant Vivint, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2013, I filed **DEFENDANT VIVINT, INC.'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF REGARDING DEFENDANT'S FIRST REQUEST FOR PRODUCTION, DEFENDANT'S FIRST SET OF INTERROGATORIES, AND DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** with the Clerk of the Court, using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

Scott D. Owens
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
scott@scottdowens.com

Daniel J. Marovitch
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Fl.
Chicago, IL 60606
dmarovitch@marovitchlaw.com

Matthew McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 S. Ave., Ste. 3
Natick, MA 01760
mmccue@massattorneys.net

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Ste. 9020
Chicago, IL 60601
aburke@burkelawllc.com

Edward A Broderick
Anthony Paronich
BRODERICK LAW, PC
125 Summer St., Ste. 1030
Boston, MA 01760
ted@broderick-law.com
anthony@broderick-law.com

s/ Bruce E. Reinhart
Bruce E. Reinhart
*One of the Attorneys for Defendant Vivint, Inc.*