# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  0:12-CV-61826-WJZ

MATTHEW BENZION and THEODORE
GLASER, individually and on behalf of
others similarly situated,

      Plaintiffs,

vs.

VIVINT, INC., a Utah corporation,

      Defendant.              /

**PLAINTIFF BENZION'S RESPONSES
TO VIVINT'S FIRST SET OF INTERROGATORIES**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please separately list and describe each and every call Plaintiffs claim were made by or on behalf of Vivint to their cellular telephones in violation of the TCPA, including the dates and times of such calls, the numbers from which they received the calls, the numbers at which each call was received, the company or individual who placed each call, whether Plaintiffs spoke with anyone during the call and the content of that conversation verbatim, the content of any messages or recordings allegedly played during the alleged calls verbatim, whether the callers or recordings mentioned Vivint, the length of each call, and everything Plaintiffs said or did in response to each call, including whether Plaintiffs maintained any notes, records or documents related to each such call.

Plaintiff objects to this Interrogatory to the extent that it requests information already in the possession of Defendant. Plaintiff also objects to any extent that this Interrogatory seeks information protected by the attorney-client privilege with respect to any notes, records, or other documents or communications. Plaintiff notes that investigation is still ongoing, and that any information provided hereto is necessarily incomplete. Subject to and notwithstanding these objections, Plaintiff Benzion responds as follows:

Starting some time in March 2012, I, Matthew Benzion, began to receive calls on my cell phone, often several times per day, which consisted of an automated, prerecorded message advertising a "free" wireless security system in exchange for putting the company's sign in my yard. These calls came from numbers including but not limited to (503) 902-8477, (503) 563-0357, (503) 902-8127, and (503) 902-8279. After answering one of these calls from (503) 902-8279 on or about April 9, 2012, I went through the call's automated process, referred to as a "phone tree", and asked to speak with a live representative, who informed me that he was promoting "Vivint." I do not recall the conversation verbatim but I do remember specifically him stating that he represented "Vivint." I received calls on at least the following dates: April 4, 2012, April 5, 2012, April 9, 2012, April 10, 2012, April 13, 2012, April 17, 2012, April 18, 2012, and April 25, 2012. All calls were 1 minute in length except for the call received on 4/9 which was 12 minutes long. I received all calls at my cell phone number – 561-306-5949.

561-306-5949 is registered with the National Do-Not-Call List – this is in direct response to the actions taken by Vivint. Prior to this, I twice demanded that the calls cease every time. During one call in April 2012, the prerecorded voice message made to my cell phone prompted me to press a certain number to be removed from the call list. I pressed that number, but received calls thereafter. This apparently had no effect in stopping Vivint's calls to my cell phone. On

2

April 9, 2012, I spoke directly with a Vivint representative and demanded that the calls cease. In response to some calls I took screen shots on my phone capturing an image of my phone screen as the call was being placed or afterward.

Discovery in this action is on-going, and Plaintiff reserves the right to supplement this information with information obtained in that discovery both from Vivint and third party telemarketers that Vivint has refused to identify.

**INTERROGATORY NO. 2:**

**Please identify each internet service provider You have utilized from 2006 to present and state each e-mail address You have used from 2006 to present.**

Plaintiff objects to this Interrogatory on the basis that it is irrelevant, not properly limited in scope, and seeks information not reasonably calculated to lead to the discovery of admissible evidence, to the extent that Plaintiff's internet service providers and e-mail addresses used since 2006 have no relation to Vivint, calls made to Plaintiff's cell phone by or for Vivint without his consent, or anything else relating to the underlying litigation.  Subject to and notwithstanding these objections, Plaintiff Benzion responds to this Interrogatory as follows:

Comcast, AT&T
Personal emails: m_benzion@yahoo.com; benzionlaw@gmail.com
Work emails: benzion@shafercohen.com; mab@kblglaw.com

**INTERROGATORY NO. 3:**

**State all facts supporting Your contention that Vivint or an agent or employee of Vivint made the Calls to Plaintiffs as alleged in the Complaint, including identifying what transpired to cause You to believe each specific Call was from Vivint or one of its employees or agents.  If You believe a Call was placed by someone other than Vivint but on**

3

**Vivint's behalf, please state all facts that lead You to believe that the Call was made on Vivint's behalf.**

Plaintiff objects to this Interrogatory on the basis that it is compound, and where the determination of what constitutes Vivint's "employees or agents" requires a legal conclusion. Plaintiff further objects because this is a contention interrogatory. Responses to contention interrogatories are sometimes deferred to later in the discovery process. Subject to and notwithstanding these objections, Plaintiff responds with information that is readily available now, and will seasonably supplement this response.

Starting in or about March 2012, I began receiving phone calls from a series of Oregon phone numbers — sometimes multiple times a day—consisting of an automated, prerecorded message advertising a "free" wireless security system in exchange for putting the company's sign in my yard. Each call was from someone who sounded like a live person at first, but who I came to realize was someone's recorded voice. These calls came from numbers including but not limited to (503) 563-0357, (503) 902-8127, and (503) 902-8279. I asked to not receive any further phone calls several times, but the calls kept coming. After answering one of these calls from (503) 902-8279 on or about April 9, 2012, I went through the call's automated process to speak with a live representative, who after several minutes of conversation I asked the salesman to tell me on whose behalf was he calling and he told me that he was calling on behalf of "Vivint."

My number is registered with the National Do-Not-Call List – this is in direct response to the actions taken by Vivint. Prior to this, I twice demanded that the calls cease. During one call in April 2012, the prerecorded voice message made to my cell phone prompted me to press a certain number to be removed from the call list. I pressed that number, but received calls

4

thereafter. This apparently had no effect in stopping Vivint's calls to my cell phone. On April 9, 2012, I spoke directly with a Vivint representative and demanded that the calls cease.

Plaintiff's belief that the calls were made by or on behalf of Vivint has been largely corroborated through discovery received from Vivint and third parties. For example, Axium has provided documents that confirm that the caller ID numbers that appeared on Plaintiffs' cell phones were used by it to make calls on behalf of Vivint.

Discovery in this action is on-going, and Plaintiff reserves the right to supplement this information with information obtained in that discovery both from Vivint and third party telemarketers that Vivint has refused to identify.

**INTERROGATORY No. 4:**

**Please recite, verbatim, or as close to verbatim as possible, the content of each of the Calls.**

Plaintiff objects to this Interrogatory on the basis that it seeks information already within the possession or control of Defendant. Subject to and notwithstanding this objection, Plaintiff Benzion responds as follows:

I don't recall how the phone calls went, verbatim. I know that the calls always featured the same recorded voice. I always stated that I did not want to receive any more phone calls and requested that I be removed from the call list. After stating those things, the instant phone call terminated, but I continued to receive calls in the future.

The only time a call went differently was when upon receiving one call, I remained on the phone and feigned interest in the product that was being sold. I was connected with a live person. The person pitched me the product. I continued to feign interest. After several minutes

5

of conversation I asked the salesman to tell me on whose behalf was he calling and he told me that he was calling on behalf of Vivint.

Discovery in this action is on-going, and Plaintiff reserves the right to supplement this information with information obtained in that discovery both from Vivint and third party telemarketers that Vivint has refused to identify.

**INTERROGATORY NO. 5:**

**State all facts supporting Your contention in Your First Amended Complaint that Plaintiff Benzion twice demanded that the Calls cease, including the specific date and time of such Calls, the number from which each Call came, whether the caller mentioned Vivint, the content of any conversation, message, or recording You allege played during the alleged Call, and Plaintiff Benzion's response to each Call.**

I responded to each and every phone call that I received from the following numbers in the same manner, by requesting that I do not receive any more phone calls and that I be removed from their call list. The only time that I responded differently was when I received a call from the number (503) 902-8279 on April 9, 20102. During that call, I remained on the line and the phone call proceeded in the manner that is described in the answer to the previous interrogatory.

**INTERROGATORY NO. 6:**

**Please identify the companies providing the telephone service to each of You for the phones on which You allege You received the Calls, and describe the phone plans You subscribed to, including who owned the plans, the terms of the plans, who made payments on the plans, whether the plans included unlimited minutes, and each telephone number you have used pursuant to each such plan.**

6

I use a "family plan" through AT&T.  My mother, Pamela Brooks is the primary on the plan.  The only number I have used pursuant to the plan is (561) 306-5949, which is assigned to me (Matthew Benzion).  The plan is not an unlimited minutes plan.

**INTERROGATORY NO. 7:**

**Identify the phones, by make and model, on which You allege You received the Calls, and state whether You still have each such phone.  If You no longer have a phone on which You allege You received a Call, please state the disposition or current whereabouts of the phone.**

iPhone 4S – still owned by Mr. Benzion.

**INTERROGATORY NO. 8:**

**Identify, with the greatest degree of specificity possible, the computers and other devices by which You have accessed the Internet from 2006 to present (including, for example, iPads or other tablet devices), including a description of each such computer or device by make and model, the identity of the owner of each such computer or device, the period of time during which you used each such computer or device to access the Internet, and state whether You still have each such computer or device.  If You no longer have a computer or device with which you have accessed the Internet from 2006 to present, please state the disposition or current whereabouts of each such computer or device.**

Plaintiff objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and not properly limited in scope, where Defendant unreasonably seeks information pertaining to all equipment Plaintiff used to access the internet over a 7-year span of time.  Plaintiff further objects to this Interrogatory on the basis that it is irrelevant and seeks information not reasonably calculated to lead to the discovery of admissible evidence, to the

7

extent that information relating to devices used by Plaintiff to go online has no relation to Vivint, calls made to Plaintiffs' cell phones by or for Vivint without their consent, or anything else related to the underlying dispute. Subject to and notwithstanding these objections, Plaintiff provides the following information as the best of his ability.

Between around 2006 and 2011, Plaintiff owned a Dell laptop. He ceased using the laptop with regularity in spring 2010, and gave it away in approximately 2011. Plaintiff has also used a Macbook and an iPad, both of which he still has. The calls at issue were received on an iPhone 4S, which he still possesses.

**INTERROGATORY NO. 9:**

**If You have entered a contest, sweepstakes, or drawing or agreed to receive offers from any company through any source from 2006 to present, please state all facts regarding Your registration or agreement with respect to such offers, information, sweepstakes, contest(s), or drawing(s). In particular, please identify any contests, sweepstakes, or drawings you may have entered from 2006 to present, including, but not limited to, any contests, sweepstakes, or drawings you entered online from 2006 to present.**

Plaintiff objects to this Interrogatory on the basis that it is vague, exceedingly overbroad, and unduly burdensome, where it requires Plaintiff to somehow remember "all facts" relating to registration or agreements for any "contest, sweepstakes, or drawing or agree[ment] to receive offers from any company through any source" over a 7-year span of time. Plaintiff also objects on the basis that this Interrogatory is irrelevant and seeks information not reasonably calculated to lead to the discovery of admissible evidence, to the extent that any "contest, sweepstakes, or drawings or agree[ment] to receive offers" has nothing to do with Vivint. Subject to and notwithstanding these objections, Plaintiff Benzion responds to this Interrogatory as follows:

8

Not applicable. Plaintiff does not recall entering any contests, sweepstakes or drawing offers, nor is it his practice to do so.

**INTERROGATORY NO. 10:**

**If You or anyone acting on Your behalf or instruction has ever requested information about home or business security services (including, but not limited to services from Vivint), including, but not limited to, internet-based requests for information, please describe the nature of such request, to whom the request was made, where and how the request was made, when the request was made, who made the request, and the company about which You made such request.**

Plaintiff objects to this Interrogatory on the basis that it is overbroad, irrelevant, and seeks information not reasonably calculated to lead to the discovery of admissible evidence, where it asks for information relating to "home or business security services" unrelated to Vivint. Plaintiff further objects to this Interrogatory because it is not limited in scope with respect to time.   Subject to and notwithstanding these objections, Plaintiff Benzion responds to this Interrogatory as follows:

Not applicable. Plaintiff does not recall requesting information about home or business security services, nor would it my practice to do so.

**INTERROGATORY NO. 11:**

**Identify each website you have visited from 2006 to present to which you have provided your cellular telephone number.**

Plaintiff objects to this Interrogatory on the basis that it is exceedingly overbroad, unduly burdensome, and unreasonable in scope, where it requires Plaintiff to somehow remember or obtain information relating to each and every website he might have visited and provided his cell

9

phone number over the span of seven years. Plaintiff further objects to this Interrogatory on the basis that it is irrelevant and seeks information not reasonably calculated to lead to the discovery of admissible evidence; Plaintiff objects to any extent he is required to produce information relating to websites visited or to which he furnished his cell phone number that are not in any way related to Vivint or this litigation. Subject to and notwithstanding these objections, Plaintiff Benzion responds to this Interrogatory as follows:

Plaintiff understands this request to be aimed at attempting to prove that Plaintiff provided Vivint "prior express consent" to receive automated telemarketing calls. The Telemarketing Sales Rule, 16 C.F.R. § 310.4, requires that Vivint have consent information in its possession, or in the possession of its telemarketers, for two years after calls were made. However, it is apparent that Vivint does not have this information. Vivint's general counsel Nathan Wilcox has stated in a declaration submitted to the Court in this case that "Vivint has no relationship whatsoever with any of the websites where it believes Plaintiffs provided their mobile telephone numbers and consented to be contacted by telemarketers." Docket item 50-5 at ¶4. It is difficult to understand how Vivint could possibly have had consent from Plaintiffs in this case, arising out of transactions it had nothing to do with.

It is therefore unreasonable for Vivint to embark upon this fishing expedition. Plaintiff is willing to work with Vivint to provide straightforward responses to a narrowed request. For example, if Vivint alleges that any third parties have some sort of relationship to Vivint such that providing consent to that company constituted consent for calls from Vivint, then Vivint could specify those companies.

Further, Plaintiff Benzion states that he does not remember providing his cell phone number to any website, and it would not be his practice to do so.

10

**INTERROGATORY NO. 12:**

**If you contend that some third-party acted on behalf of Vivint in making the Calls, state all facts on which you base any contention that such party acted with either actual or apparent authority.**

On or about April 9, 2012, Plaintiff Benzion was directly informed by a live representative during one of the many "home security" robocalls he had been receiving that the call had been made for Vivint.  The ANI/caller ID number used for such call—along with numerous others used in "home security" robocalls to Plaintiffs' cell phones—was at the time of such call assigned to Axium, a party admittedly used by Defendant to generate leads.  Defendant has provided a "Lead Sales Agreement" between it and Axium, dated January 26, 2012, although Plaintiffs are aware of an ongoing lead generation relationship between Vivint and Axium for years prior.  (See, e.g., Dkt. 40, Pls.' Mot. Compel, pp. 6-7.)

Axium, itself, has provided materials evidencing a close, working relationship with Vivint with respect to its lead generation telemarketing calls, such as numerous e-mails back and forth between the parties acknowledging the calls made/leads generated by Axium for Vivint, approval/editing by Vivint of scripts to be used by Axium, and billing statements to Vivint for Axium's services.  One e-mail from Vivint even directly refers to Axium as its agent.  These and other documents provided by Axium have already been produced to Defendant.  Because Defendant has refused to provide any information, whatsoever, relating to any other third party that acted on its behalf in making any Calls, Plaintiff does not have any further information relating to such parties.  Investigation continues. Discovery in this action is on-going, and Plaintiff reserves the right to supplement this information with information obtained in that discovery both from Vivint and third party telemarketers that Vivint has refused to identify.

11

**INTERROGATORY NO. 13:**

Identify each and every lawsuit that Plaintiffs have ever been involved in, including but not limited to any lawsuits making claims brought under the TCPA, and for each, state the caption, the court, the date the action was filed, the case number, summarize the nature of the lawsuit, and state whether the lawsuit sought and/or received class action status.

Plaintiff Benzion is an attorney and understands that Vivint is not looking for information regarding representation of his own clients. To the extent that the request asks for such information, it is objectionable as unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence and is protected by attorney-client and work product privilege.

Objections notwithstanding, Plaintiff Benzion has not himself been a plaintiff in any other lawsuit.

**INTERROGATORY NO. 14:**

Identify all fact and expert witnesses that you may call to testify at any hearing, including without limitation any hearing regarding class certification or summary judgment, or at trial in this action.

Plaintiff objects because this request is premature, and because some such information is protected by the Federal Rules. Plaintiff will timely and completely disclose any testifying witnesses, according to the Federal Rules and the Court's schedule.

**INTERROGATORY NO. 15:**

Describe in detail the manner in which you would propose to try the claims of the proposed class in this action (your "Trial Plan"), including, without limitation: (a) whether you are proposing sub-classes and what they are; (b) the type of evidence you will present

12

**to the jury and the form in which it will be presented; (c) the procedures you propose for handling the factual differences between claims, including calls that were placed by, or made at the direction of, different entities; (d) the procedures you propose for proving that Vivint is responsible for the various calls placed by the different entities; and (e) the proposed procedures for handling affirmative defenses based on consent.**

Plaintiff objects to this Interrogatory pursuant to the attorney-client and attorney work product doctrines.  Plaintiff further objects to this Interrogatory on the basis that it is irrelevant and seeks information not reasonably calculated to lead to the discovery of admissible evidence, as Plaintiffs' "Trial Plan" is not evidence, would not assist Defendant in obtaining evidence, and is in no way related to the parties' claims or defenses or the actual subject matter of this dispute. Plaintiff also objects because the phrase "propose to try the claims of the proposed class in this action" is vague and ambiguous, as is the term "Trial Plan," itself.

Plaintiff further objects because this request is premature. Discovery is ongoing, and Plaintiffs have filed a motion to compel what they believe to be a substantial amount of documents, data and information that has not yet been produced by Vivint, and are still working to obtain other materials and information from third parties. However, in a good faith attempt to respond, given information believed to be true at this point in the case, Plaintiff states:

1. Summary Judgment – the following issues will be resolved through summary judgment, and will apply equally to Plaintiffs and each class member through common proofs:

    a.    Whether Vivint can be held liable under the TCPA for telemarketing calls identified in the complaint and similar campaigns;

b.      Whether message(s) played during telemarketing calls and campaigns constituted an "artificial or prerecorded voice" pursuant to the TCPA;

c.      Whether Defendant's violations were willful or knowing;

d.      Consent – it is not currently possible to formulate a trial plan as to consent because Vivint, which bears the burden of proof for this issue, has not produced any information that might suggest consent existed, even though Plaintiffs have asked for such in discovery. In the absence of evidence on this defense, Plaintiffs prevail.

e.      Existing Business Relationship: Plaintiffs do not believe that EBR will be an issue in this case because Vivint has repudiated the notion that it had any relationship with Plaintiffs. "Vivint has no relationship whatsoever with any of the websites where it believes Plaintiffs provided their mobile telephone numbers and consented to be contacted by telemarketers." Docket item 50-5 at ¶ 4.

2.  Trial- the following issues will likely be resolved through a jury trial, and will apply equally to Plaintiffs and the class through common proofs, mostly through testimony from defendant and possibly through testimony from lead generators it hired to do telemarketing:

a.  The proper amount of damages to award for willful or knowing violations, pursuant to 47 U.S.C. § 227(b)(3).

b.  The proper amount of damages to award pursuant to 47 U.S.C. § 227(c)(5), including for non-willful, willful or knowing violations.

14

As to Objections:

By:
*Scott D. Owens* (No. 597651)
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

Alexander H. Burke
(admitted pro hac vice)
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com

Daniel J. Marovitch
(admitted pro hac vice)
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206
dmarovitch@marovitchlaw.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2013, I electronically sent the foregoing document to

the following counsel of record:

Elizabeth J. Campbell
LOCKE LORD, LLP
3333 Piedmont Road, N.E.
Terminus 200, Suite 1200
Atlanta, GA 30305
ecampbell@lockelord.com

15

Thomas J. Cunningham
Martin W. Jaszczuk
LOCKE LORD, LLP
111 South Wacker Drive
Chicago, IL 60606
tcunningham@lockelord.com
mjaszczuk@lockelord.com

*Counsel for Defendant*

s/*Scott D. Owens*
Scott D. Owens
Florida Bar No. 597651

*One of Plaintiffs' Attorneys*

16