# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  0:12-CV-61826-WJZ

MATTHEW BENZION and THEODORE
GLASER, individually and on behalf of
others similarly situated,

      Plaintiffs,

vs.

VIVINT, INC., a Utah corporation,

      Defendant.                /

**PLAINTIFF BENZION'S RESPONSES TO
VIVINT'S FIRST REQUESTS FOR PRODUCTION**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all cell phone records for numbers assigned to, used by, or at which Plaintiff Benzion contends he received unlawful calls from Vivint from September 2008 to present.

The majority of the requested documents are presumably in the possession of a third party carrier, AT&T, to which plaintiff has issued a subpoena. Plaintiff will supplement the response in accordance with the Federal Rules of Civil Procedure should he come into possession of additional documents responsive to this request, such as through the subpoena.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all cell phone records for numbers assigned to, used by, or at which Plaintiff Glaser contends he received unlawful calls from Vivint from September 2008 to present.

1954337v.3

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 3:**

**Produce all cell phone records for numbers assigned to, used by, or at which Plaintiff Glaser's wife contends she received unlawful calls from Vivint from September 2008 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 4:**

**Produce all cell phone records in your care, custody, possession, or control for numbers assigned to, used by, or at which any other potential class member was called by Vivint from September 2008 to present.**

None, other than are attached hereto. Investigation continues.

**REQUEST FOR PRODUCTION NO. 5:**

**Produce the cellular telephones of Plaintiffs Benzion and Glazer upon which they allege they received unlawful calls from Vivint for inspection and copying.**

Objection; this is unduly burdensome in that it contemplates Plaintiff Benzion who is a Florida licensed attorney to be without his cellular telephone which is necessary for business, emergency, and personal purposes. Because Benzion uses the phone for professional purposes, there is a substantial amount of privileged material on it between Benzion and his clients, that have nothing to do with this case. Further, because it is a smartphone, it has communications

2

between Benzion and his lawyer, regarding this litigation, which is also privileged. There also may be materials that are embarrassing,

Plaintiffs are willing to work with defendant to figure out some reasonable accommodation that will allow Vivint access to dissolvable information on the phone, to the extent appropriate reasonable and necessary to this case.

**REQUEST FOR PRODUCTION NO. 6:**

**Produce the personal computers and any other devices utilized by Plaintiffs Benzion and Glazer to access the internet between 2008 and the present time for inspection and copying.**

Objection; this is unduly burdensome in that it contemplates Plaintiff Benzion who is a Florida licensed attorney to be without his personal computer which is necessary for business, emergency, and personal purposes. Furthermore, many of the documents contained therein are protected by attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 4:**

**Produce all e-mails received in response to the submission of information to any website at which Plaintiffs Benzion or Glaser provided their cellular telephone numbers, including, but not limited to:**

**www.123freetravel.com**

**www.myamericanholiday.com**

**www.claim-your-next-flight.com**

**www.tagged.com**

**www.baltimoresun.com**

**www.newegg.com**

3

**www.classicvacations.com**

**www.asseenontv.com**

**www.popularliving.com**

**www.enewsoffers.com**

**www.work-at-home-directory.com**

None.

**REQUEST FOR PRODUCTION NO. 5:**

**Produce all Documents relating in any way to communications by Plaintiffs or their counsel with any potential class member about this lawsuit or any of the allegations set forth in the Complaint.**

Plaintiffs object to this request because it asks for information and documents that are protected by the attorney-client privilege and the work product doctrine.

**REQUEST FOR PRODUCTION NO. 6:**

**Produce all Documents upon which You relied in responding to Vivint's Interrogatories and/or Requests for Admission served at the same time as these Requests for Production.**

Please see attached, all documents produced by Vivint and all documents produced by third parties in this case. Plaintiffs are not aware of any responsive documents that have not been produced.

**REQUEST FOR PRODUCTION NO. 7:**

**Produce all Documents in Your possession, care, custody, or control supporting Your contention that the Calls allegedly made to Plaintiff Benzion were made by Vivint, its employee(s), or its agent(s).**

4

Please see attached, all documents produced by Vivint and all documents produced by third parties in this case. Plaintiffs are not aware of any responsive documents that have not been produced. See attached "Exhibit A."

**REQUEST FOR PRODUCTION NO. 8:**

**Produce all Documents in Your possession, care, custody, or control supporting Your contention that the Calls allegedly made to Plaintiff Glaser or his wife were made by Vivint, its employee(s), or its agent(s).**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 9:**

**Produce all Documents in Your possession, care, custody, or control indicating that the Calls were made by entities other than Vivint.**

Please see attached, all documents produced by Vivint and all documents produced by third parties in this case.

**REQUEST FOR PRODUCTION NO. 10:**

**Produce all transcripts, notes, recordings, or other Documents containing the content of any call to Plaintiff Benzion as alleged in the Complaint.**

Attached is a recording of a call that was obtained from a third party source, that is believed to be similar or identical to one or more calls plaintiffs received.

**REQUEST FOR PRODUCTION NO. 11:**

**Produce all transcripts, notes, recordings, or other Documents containing the content of any call to Plaintiff Glaser as alleged in the Complaint.**

5

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 12:**

**Produce all transcriptions, notes, recordings, or other Documents containing the content of any call to Plaintiff Glaser's wife as alleged in the Complaint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 13:**

**Produce all Documents in Your care, custody, or control indicating that the Calls to Plaintiff Benzion alleged in the Complaint were made using dialing equipment having the capacity to dial numbers without human intervention as alleged in Your Complaint.**

Please see attached "Exhibit A." See also all documents produced by Vivint and all documents produced by third parties in this case.

**REQUEST FOR PRODUCTION NO. 14:**

**Produce all Documents in Your care, custody, or control indicating that the Calls to Plaintiff Glaser or his wife alleged in the Complaint were made using dialing equipment having the capacity to dial numbers without human intervention as alleged in Your Complaint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

6

### REQUEST FOR PRODUCTION NO. 15:

**Produce all Documents in Your care, custody, or control indicating that the Calls to Plaintiff Benzion alleged in the Complaint were made using artificial and/or prerecorded voice messages as alleged in Your Complaint.**

Please see attached "Exhibit A" and recording, which is similar or identical to one or more recordings Benzion heard when he received calls. See also all documents produced by Vivint and all documents produced by third parties in this case.

### REQUEST FOR PRODUCTION NO. 16:

**Produce all Documents in Your care, custody, or control indicating that the Calls to Plaintiff Glaser or his wife alleged in the Complaint were made using artificial and/or prerecorded voice messages as alleged in Your Complaint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

### REQUEST FOR PRODUCTION NO. 17:

**Produce all other Documents in Your possession, care, custody or control referring or relating to the Calls that You claim were made by or on behalf of Vivint to Plaintiff Benzion in violation of the TCPA.**

Plaintiff objects to the extent that this request asks for information that is protected by the attorney client privilege, or the work product doctrine. Lots of communications between counsel, for example, "refer" or "relate" to the subject matter of this request. Those materials are not discoverable.

7

Please see attached "Exhibit A" and recording, which is similar or identical to one or more recordings Benzion heard when he received calls. See also all documents produced by Vivint and all documents produced by third parties in this case.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all other Documents in Your possession, care, custody or control referring or relating to the Calls that You claim were made by or on behalf of Vivint to Plaintiff Glaser or his wife in violation of the TCPA.

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all Documents in Your possession, care, custody or control referring or relating Plaintiff Benzion's claims that he twice demanded that the Calls cease.

Plaintiff objects to the extent that this request asks for information that is protected by the attorney client privilege, or the work product doctrine. Communications between counsel, for example, "refer" or "relate" to the subject matter of this request. Those materials are not discoverable.

Notwithstanding this objection, please see attached.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Documents referring or relating to Plaintiff Benzion's efforts to put his number on any company-specific do not call lists.

None.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Documents in Your possession, care, custody or control referring or relating Plaintiff Benzion's claims that he received additional Calls after he requested that the Calls cease.

9

Plaintiff objects to the extent that this request asks for information that is protected by the attorney client privilege, or the work product doctrine. Communications between counsel, for example, "refer" or "relate" to the subject matter of this request. Those materials are not discoverable.

Notwithstanding this objection, please see attached.

**REQUEST FOR PRODUCTION NO. 22:**

**Produce all Documents in Your possession, care, custody or control supporting Your contention that Vivint could have stopped the Calls to Plaintiff Benzion sooner but did not do so.**

Plaintiff objects because this request asks for information that is in the hands of defendant, and because it appears that defendant has not provided full responses to plaintiff's discovery asking for such. Plaintiff refers defendant to materials received from defendant and which have been produced by third parties.

**REQUEST FOR PRODUCTION NO. 23:**

**Produce all Documents in Your possession, care, custody or control indicating that Vivint willfully violated the TCPA.**

Plaintiff objects because this request asks for information that is in the hands of defendant, and because it appears that defendant has not provided full responses to plaintiff's discovery asking for such. Plaintiff refers defendant to materials received from defendant and which have been produced by third parties.

**REQUEST FOR PRODUCTION NO. 24:**

**Produce all Documents in Your possession, care, custody or control dated from September 2008 to present detailing the phone plan subscribed to by Plaintiff Benzion in relation to the phone number at which the Calls alleged in the Complaint were received.**

Please see attached.

### REQUEST FOR PRODUCTION NO. 25:

**Produce all Documents in Your possession, care, custody or control dated from September 2008 to present detailing the phone plan subscribed to by Plaintiff Glaser in relation to the phone number at which the Calls alleged in the Complaint were received.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

### REQUEST FOR PRODUCTION NO. 26:

**Produce all Documents in Your possession, care, custody or control dated from September 2008 to present detailing the phone plan subscribed to by Plaintiff Glaser's wife in relation to the phone number at which the Calls alleged in the Complaint were received.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

### REQUEST FOR PRODUCTION NO. 27:

**Produce all Documents in Your possession, care, custody or control referring or relating to any contests, drawings, or offers for which Plaintiff Benzion registered from September 2006 to present.**

None.

11

**REQUEST FOR PRODUCTION NO. 28:**

**Produce all Documents in Your possession, care, custody or control referring or relating to any contests, drawings, or offers for which Plaintiff Glaser registered from September 2006 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 29:**

**Produce all Documents in Your possession, care, custody or control referring or relating to any contests, drawings, or offers for which Plaintiff Glaser's wife registered from September 2006 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 30:**

**Produce all Documents in Your possession, care, custody or control referring or relating to any requests for information about home or business security services (including, but not limited to services from Vivint), including but not limited to internet-based requests for information, Plaintiff Benzion or someone acting on his behalf made from September 2006 to present.**

None.

**REQUEST FOR PRODUCTION NO. 31:**

12

**Produce all Documents in Your possession, care, custody or control referring or relating to any requests for information about home or business security services (including, but not limited to services from Vivint), including but not limited to internet-based requests for information, Plaintiff Glaser or his wife or someone acting on his or her behalf made from September 2006 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR PRODUCTION NO. 32:**

**Produce all Documents in Your possession, care, custody or control indicating that Vivint did not have the proper procedures in place as required by 47 C.F.R. § 64.1200(d) (procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity) at the time You allege the Calls were made to Plaintiff Benzion.**

Plaintiff objects because this request asks for information that is in the hands of defendant, and because it appears that defendant has not provided full responses to plaintiff's discovery asking for such. Plaintiff refers defendant to materials received from defendant and which have been produced by third parties. The lack of documents in this instance also supports plaintiff's position on this point.

**REQUEST FOR PRODUCTION NO. 33:**

**Produce all other Documents not yet produced in Your possession, care, custody or control referring or relating to Vivint.**

Plaintiffs object because this request asks for information and documents that are not subject to discovery, such as communications between plaintiff's lawyers, advice provided by counsel to client, which is protected by the attorney-client privilege and the work product doctrine.

Notwithstanding these objections, plaintiffs refer defendant to the attached documents, and the materials received from third parties that have already been produced. Investigation continues. No documents are being intentionally withheld, and plaintiffs will seasonably supplement.

**REQUEST FOR PRODUCTION NO. 34:**

**Produce all Documents in Your possession, care, custody or control that You have received in response to or in connection with third-party subpoenas issued in relation to Your Complaint.**

**REQUEST FOR PRODUCTION NO. 35:**

**Produce all Documents relating to compensation, promises of compensation, or discounted or free services that Plaintiffs have received or expect to receive for serving as representatives of the purported classes.**

Plaintiffs object because this request asks for documents that are protected by the attorney-client privilege. By way of privilege log, plaintiffs have a written contingency fee agreement with their lawyers, which also contains advice. The agreement does not promise anything to plaintiffs. The fee agreement states that counsel will prosecute this case and advance costs, in exchange for receiving a percentage of recovery.

**REQUEST FOR PRODUCTION NO. 36:**

14

**Produce any and all agreements including any engagement letters with Your counsel in this case, and any documents reflecting the terms of Your agreement with Your counsel in this case, such as letters, e-mails, notes, or other documents.**

Plaintiffs object because this request asks for documents that are protected by the attorney-client privilege. By way of privilege log, plaintiffs have a written contingency fee agreement with their lawyers, which also contains advice. The agreement does not promise anything to plaintiffs. The fee agreement states that counsel will prosecute this case and advance costs, in exchange for receiving a percentage of recovery. Any documents that might "explain" the agreement constitute attorney advice, and are protected by the attorney-client privilege.

REQUEST FOR PRODUCTION NO. 37:

**Produce all Documents constituting, referring or relating to interactions between Plaintiffs or their counsel and any state or regulatory enforcement body in relation to the TCPA.**

Please see attached Freedom of Information Act requests and responses.

REQUEST FOR PRODUCTION NO. 38:

**Produce all Documents in Your possession, care, custody or control comprising, summarizing, referring, or relating to any investigation of Vivint's telemarketing practices, including but not limited to any documents related to any complaints you may have obtained about Vivint's telemarketing practices.**

Plaintiffs object to the extent that this request asks for attorney work product, or any materials protected by the attorney-client privilege. Such documents are not being produced. See attached.

REQUEST FOR PRODUCTION NO. 39:

15

**Produce all Documents upon which You intend to rely to support Plaintiffs' motion for class certification.**

Plaintiffs object because they have requested information and documents that would be responsive to this request from defendant and third parties (through subpoenas), and have not received full responses. For example, plaintiffs have filed two motions to compel Vivint to provide the identities of persons it hired to make telemarketing calls, which Vivint has resisted.

Subject to this objection, please see attached. Investigation continues.


**REQUEST FOR PRODUCTION NO. 40:**

**Produce all Documents You intend to offer as evidence at any hearing or trial in this action.**

Plaintiffs object because they have requested information and documents that would be responsive to this request from defendant and third parties (through subpoenas), and have not received full responses. For example, plaintiffs have filed two motions to compel Vivint to provide the identities of persons it hired to make telemarketing calls, which Vivint has resisted.

Subject to this objection, please see attached. Investigation continues.

Respectfully submitted,

16

MATTHEW BENZION and
THEODORE GLASER, individually
and on behalf of others similarly situated

By: s/Scott D. Owens
    Scott D. Owens (No. 597651)
    SCOTT D. OWENS, P.A.
    664 E. Hallandale Beach Blvd.
    Hallandale, FL 33009
    Telephone: (954) 589-0588
    scott@scottdowens.com

    Edward A. Broderick
    Anthony I. Paronich
    (admitted *pro hac vice*)
    Broderick Law, P.C.
    125 Summer St., Suite 1030
    Boston, MA  02110
    (617) 738-7080
    ted@broderick-law.com
    anthony@broderick-law.com

    Matthew P. McCue.
    (admitted *pro hac vice*)
    The Law Office of Matthew P. McCue
    1 South Avenue, Suite 3
    Natick, MA   01760
    (508) 655-1415
    mmccue@massattorneys.net

    Alexander H. Burke
    (admitted *pro hac vice*)
    BURKE LAW OFFICES, LLC
    155 N. Michigan Ave., Suite 9020
    Chicago, IL 60601
    Telephone: (312) 729-5288
    aburke@burkelawllc.com

    Daniel J. Marovitch
    (admitted *pro hac vice*)
    MAROVITCH LAW FIRM, LLC
    233 S. Wacker Dr., 84th Floor
    Chicago, IL 60606
    Telephone: (312) 533-1605
    dmarovitch@marovitchlaw.com
    *Counsel for Plaintiffs*

17

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2013, I electronically sent the foregoing document to the following counsel of record:

> Elizabeth J. Campbell
> LOCKE LORD, LLP
> 3333 Piedmont Road, N.E.
> Terminus 200, Suite 1200
> Atlanta, GA 30305
> ecampbell@lockelord.com
>
> Thomas J. Cunningham
> Martin W. Jaszczuk
> LOCKE LORD, LLP
> 111 South Wacker Drive
> Chicago, IL 60606
> tcunningham@lockelord.com
> mjaszczuk@lockelord.com
>
> *Counsel for Defendant*

*s/ Scott D. Owens*
Scott D. Owens
Florida Bar No. 597651

*One of Plaintiffs' Attorney*
