# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  0:12-CV-61826-WJZ

MATTHEW BENZION and THEODORE
GLASER, individually and on behalf of
others similarly situated,

     Plaintiffs,

vs.

VIVINT, INC., a Utah corporation,

     Defendant.                  /

## PLAINTIFF BENZION'S RESPONSES TO VIVINT'S
## FIRST SET OF REQUESTS FOR ADMISSION

Plaintiffs' counsel notes that the parties have agreed to extend the time within which Plaintiff Glaser may respond to these requests. The responses herein are made as to Plaintiff Benzion, only.

**REQUEST FOR ADMISSION NO. 1:**

**Admit that the Calls You listed in response to Interrogatory No. 1 are the only Calls upon which You are bringing claims against Vivint.**

Admitted in part and denied in part. Plaintiff admits that these are the only known calls at this time but there may additional calls as well. Plaintiff intends to bring suit as to any additional calls revealed through investigation, discovery or trial.  Discovery in this action is on-going, and Plaintiff reserves the right to supplement this information with information obtained in that discovery both from Vivint and third party telemarketers that Vivint has refused to identify.

**REQUEST FOR ADMISSION NO. 2:**

1954342v.3

**Admit that Vivint did not make the Calls listed in response to Interrogatory No. 1.**

Denied. Plaintiff interprets the word "make" to incorporate those calls placed by Vivint as well as those calls placed on behalf of Vivint.

REQUEST FOR ADMISSION NO. 3:

**Admit that Plaintiff Benzion was never told that the Calls of which he complains were made by Vivint.**

Plaintiff objects to this request for admission because it is equivocal. As plaintiff has repeatedly told defendant, during at least one call with Vivint, the person on the other end of the line told plaintiff that the call was made in order to sell Vivint products or services. Furthermore, through discovery, plaintiff has learned that Vivint knowingly and intentionally contracted with several telemarketing and lead generation companies, for the express purpose of making telemarketing calls on behalf of Vivint.

Based upon this information, denied.

REQUEST FOR ADMISSION NO. 4:

**Admit that You have no information supporting the allegation that Vivint or one of its employees made the Calls complained of by Plaintiff Benzion.**

Denied.

REQUEST FOR ADMISSION NO. 5:

**Admit that Plaintiff Glaser or his wife were never told that the Calls of which Plaintiff Glaser complains were made by Vivint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

2

**REQUEST FOR ADMISSION NO. 6:**

**Admit that You have no information supporting the allegation that Vivint or one of its employees made the Calls complained of by Plaintiff Glaser.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response when he is able to do so.

**REQUEST FOR ADMISSION NO. 7:**

**Admit that no one on any of the Calls to Plaintiff Glaser or his wife ever mentioned Vivint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response when he is able to do so.

**REQUEST FOR ADMISSION NO. 8:**

**Admit that the only support for Your claim that Vivint called Plaintiff Glaser or his wife is that he or his wife received Calls regarding a home security system and the recorded messages delivered during the Calls were similar to those received by Plaintiff Benzion.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response when he is able to do so.

**REQUEST FOR ADMISSION NO. 9:**

**Admit that You have no information that one of Vivint's agents made the Calls complained of by Plaintiff Benzion.**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You have no information that one of Vivint's agents made the Calls complained of by Plaintiff Glaser.

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response when he is able to do so.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you have no evidence that the Calls to Plaintiff Benzion were made using dialing equipment having the capacity to dial numbers without human intervention.

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you have no evidence that the Calls to Plaintiff Glaser or his wife were made using dialing equipment having the capacity to dial numbers without human intervention.

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response when he is able to do so.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you have no evidence that the Calls to Plaintiff Benzion were made using artificial and/or prerecorded voice messages.

Denied.

**REQUEST FOR ADMISSION NO. 14:**

4

**Admit that you have no evidence that the Calls to Plaintiff Glaser or his wife were made using artificial and/or prerecorded voice messages.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

REQUEST FOR ADMISSION NO. 15:

**Admit that Plaintiff Benzion consented to the Calls complained of in the Complaint.**

Denied.

REQUEST FOR ADMISSION NO. 16:

**Admit that Plaintiff Glaser consented to the Calls complained of in the Complaint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

REQUEST FOR ADMISSION NO. 17:

**Admit that Plaintiff Glaser's wife consented to the Calls complained of in the Complaint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

REQUEST FOR ADMISSION NO. 18:

**Admit that you are unaware of the identities of any other members of the putative class set forth in Count I of Your Complaint.**

Denied.

5

**REQUEST FOR ADMISSION NO. 19:**

Admit that you are unaware of the identities of any other members of the putative class set forth in Count II of Your Complaint.

Denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that you are unaware of whether any calls from Vivint to persons other than the Plaintiffs were made to cellular telephones.

Denied.

**REQUEST FOR ADMISSION NO. 21:**

Admit that you are unaware of whether any calls from Vivint to persons other than the Plaintiffs that were made to cellular telephones were made with the consent of the persons called.

Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Benzion visited the website "www.123freetravel.com" sometime from 2006 to present.

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

6

Denied.

**REQUEST FOR ADMISSION NO. 23:**

**Admit that Benzion entered his cellular telephone number at the website "www.123freetravel.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 24:**

**Admit that the documents attached to these Requests for Admission as Exhibits 1 and 2 are true and accurate photocopies of printouts from the website www.123freetravel.com.**

Plaintiff objects because defendant has not provided sufficient information for plaintiff to consider whether to admit or deny this request, including for example, the web location and date/time of the website. Plaintiffs therefore deny.

Plaintiffs are, however, willing to attempt to work with defendant to come to an agreement on this issue that will satisfy defendant's needs, through a meet and confer.

**REQUEST FOR ADMISSION NO. 25:**

**Admit that Benzion visited the website "www.myamericanholiday.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 26:**

**Admit that Benzion entered his cellular telephone number at the website "www.myamericanholiday.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

8

**REQUEST FOR ADMISSION NO. 27:**

Admit that the document attached to these Requests for Admission as Exhibit 3 is a true and accurate photocopy of a printout from the website "www.myamericanholiday.com".

Plaintiff objects because defendant has not provided sufficient information for plaintiff to consider whether to admit or deny this request, including for example, the web location and date/time of the website. Plaintiffs therefore deny.

Plaintiffs are, however, willing to attempt to work with defendant to come to an agreement on this issue that will satisfy defendant's needs, through a meet and confer.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Benzion visited the website "claim.your-next-flight.com" sometime from 2006 to present.

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Benzion entered his cellular telephone number at the website "claim.your-next-flight.com" sometime from 2006 to present.

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 30:**

**Admit that the website "claim.your-next-flight.com" indicated that by providing a cellular telephone number, Benzion was consenting to receive marketing calls on his cellular telephone, including calls made by an automatic telephone dialing system or calls made using an artificial or pre-recorded voice by third-parties.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 31:**

10

**Admit that Benzion visited the website "www.tagged.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 32:**

**Admit that Benzion entered his cellular telephone number at the website "www.tagged.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 34:**

**Admit that the document attached to these Requests for Admission as Exhibit 4 is a true and accurate printout from the website "www.tagged.com".**

Plaintiff objects because defendant has not provided sufficient information for plaintiff to consider whether to admit or deny this request, including for example, the web location and date/time of the website. Plaintiff therefore denies.

Plaintiffs are, however, willing to attempt to work with defendant to come to an agreement on this issue that will satisfy defendant's needs, through a meet and confer.

REQUEST FOR ADMISSION NO. 35:

**Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.tagged.com" website.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

REQUEST FOR ADMISSION NO. 36:

**Admit that Benzion visited the website "www.baltimoresun.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior

express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

### REQUEST FOR ADMISSION NO. 37:

**Admit that Benzion entered his cellular telephone number at the website "www.baltimoresun.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

### REQUEST FOR ADMISSION NO. 38:

**Admit that the document attached to these Requests for Admission as Exhibit 5 is a true and accurate printout from the website "www.baltimoresun.com."**

Plaintiff objects because defendant has not provided sufficient information for plaintiff to consider whether to admit or deny this request, including for example, the web location and date/time of the website. Plaintiffs therefore deny.

Plaintiffs are, however, willing to attempt to work with defendant to come to an agreement on this issue that will satisfy defendant's needs, through a meet and confer.

**REQUEST FOR ADMISSION NO. 39:**

**Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.baltimoresun.com" website.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 40:**

**Admit that Benzion visited the website "www.classicvacations.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

14

Plaintiffs are, however, willing to attempt to work with defendant to come to an agreement on this issue that will satisfy defendant's needs, through a meet and confer.

**REQUEST FOR ADMISSION NO. 39:**

**Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.baltimoresun.com" website.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 40:**

**Admit that Benzion visited the website "www.classicvacations.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

14

Denied.

**REQUEST FOR ADMISSION NO. 41:**

**Admit that Benzion entered his cellular telephone number at the website "www.classicvacations.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 42:**

**Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.classicvacations.com" website.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

15

**REQUEST FOR ADMISSION NO. 43:**

Admit that Benzion visited the website "www.asseenontv.com" sometime from 2006 to present

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Benzion entered his cellular telephone number at the website "www.asseenontv.com" sometime from 2006 to present.

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 45:**

16

**Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.asseenontv.com" website.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 46:**

**Admit that Benzion visited the website "www.popularliving.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 47:**

17

**Admit that Benzion entered his cellular telephone number at the website "www.populrliving.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 48:**

**Admit that the website "www.popularliving.com" indicated that by providing a cellular telephone number, Benzion was consenting to receive marketing calls on his cellular telephone, including calls made by an automatic telephone dialing system or calls made using an artificial or pre-recorded voice by third-parties.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

18

REQUEST FOR ADMISSION NO. 49:

Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.popularliving.com" website.

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

REQUEST FOR ADMISSION NO. 50:

Admit that Benzion visited the website "www.enewsoffers.com" sometime from 2006 to present.

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

REQUEST FOR ADMISSION NO. 51:

19

**Admit that Benzion entered his cellular telephone number at the website "www.enewsoffers.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

## REQUEST FOR ADMISSION NO. 52:

**Admit that the document attached to these Requests for Admission as Exhibit 6 is a true and accurate printout from the website "www.enewsoffers.com".**

Plaintiff objects because defendant has not provided sufficient information for plaintiff to consider whether to admit or deny this request, including for example, the web location and date/time of the website. Plaintiffs therefore deny.

Plaintiffs are, however, willing to attempt to work with defendant to come to an agreement on this issue that will satisfy defendant's needs, through a meet and confer.

## REQUEST FOR ADMISSION NO. 53:

**Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.enewsoffers.com" website.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior

express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 54:**

**Admit that Benzion visited the website "www.work-at-home-directory.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 55:**

**Admit that Benzion entered his cellular telephone number at the website "www.work-at-home-directory.com" sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a

website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

## REQUEST FOR ADMISSION NO. 56:

**Admit that Benzion accepted an offer from, or entered a contest or sweepstakes offered by, an advertiser on the "www.work-at-home-directory.com" website.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed "consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

## REQUEST FOR ADMISSION NO. 57:

**Admit that Plaintiff Benzion entered a contest, sweepstakes, drawing, or signed up for offers from any company through any source sometime from 2006 to present.**

Plaintiff objects because this request is not reasonably calculated to lead to discovery of admissible evidence, because it is a fishing expedition designed to attempt to "bootstrap" a "prior express consent" affirmative defense based upon the *possibility* that plaintiff might have visited a website that was apparently recommended by some sort of non-testifying and undisclosed

22

"consent expert" that defendant has hired. The request is further objectionable because the website listed has no apparent link to Vivint, and Vivint has repudiated any relationship with any such website.

Denied.

**REQUEST FOR ADMISSION NO. 58:**

**Admit that Plaintiff Glaser entered a contest, sweepstakes, drawing, or signed up for offers from any company through any source sometime from 2006 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR ADMISSION NO. 59:**

**Admit that Plaintiff Glaser's wife entered a contest, sweepstakes, drawing, or signed up for offers from any company through any source sometime from 2006 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR ADMISSION NO. 60:**

**Admit that Plaintiff Benzion requested information about home or business security services (including, but not limited to services from Vivint), including, but not limited, to internet-based requests for information sometime from 2006 to present.**

Denied.

**REQUEST FOR ADMISSION NO. 61:**

23

**Admit that Plaintiff Glaser requested information about home or business security services (including, but not limited to services from Vivint), including, but not limited, to internet-based requests for information sometime from 2006 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR ADMISSION NO. 62:**

**Admit that Plaintiff Glaser's wife requested information about home or business security services (including, but not limited to services from Vivint), including, but not limited, to internet-based requests for information sometime from 2006 to present.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR ADMISSION NO. 63:**

**Admit that the caller made no reference to Vivint during the Calls when Plaintiff Benzion allegedly requested that the Calls to him cease.**

Denied.

**REQUEST FOR ADMISSION NO. 64:**

**Admit that the caller made no reference to one of Vivint's agents during the Calls when Plaintiff Benzion allegedly requested that the Calls to him cease.**

Denied.

**REQUEST FOR ADMISSION NO. 65:**

24

Admit Vivint had the proper procedures in place as required by 47 C.F.R. § 64.1200(d) (procedures for maintaining a list of persons who request not to receive telemarketing Calls made by or on behalf of that person or entity) at the time You allege the Calls were made to Plaintiff Benzion.

Denied.

**REQUEST FOR ADMISSION NO. 66:**

Admit You have no evidence that Vivint did not have the proper procedures in place as required by 47 C.F.R. § 64.1200(d) (procedures for maintaining a list of persons who request not to receive telemarketing Calls made by or on behalf of that person or entity) at the time You allege the Calls were made to Plaintiff Benzion.

Denied.

**REQUEST FOR ADMISSION NO. 67:**

Admit that You have no evidence that Vivint willfully violated the TCPA.

Denied.

**REQUEST FOR ADMISSION NO. 68:**

Admit that Vivint did not make any Calls to Plaintiff Benzion more than 30 days after Plaintiff Benzion allegedly requested that the Calls cease.

Denied.

**REQUEST FOR ADMISSION NO. 69:**

Admit that you do not know how many calls Vivint made to cellular telephones from 2008 to present.

Admitted.

**REQUEST FOR ADMISSION NO. 70:**

25

Admit that you do not know how many people Vivint called on a cellular telephone from 2008 to present consented to receive such calls.

Admitted.

REQUEST FOR ADMISSION NO. 71:

Admit that Vivint had entered into contracts with third-parties to provide Vivint with sales leads from 2008 to present.

Admit.

REQUEST FOR ADMISSION NO. 72:

Admit that Vivint entered into a contract with Axium to provide Vivint with sales leads during the month of April, 2012.

Admit.

REQUEST FOR ADMISSION NO. 73:

Admit that Axium represented companies other than Vivint and had entered into contracts with companies other than Vivint to provide them with sales leads.

Admit.

REQUEST FOR ADMISSION NO. 74:

Admit that Axium entered into an agreement with DirectAccess pursuant to which DirectAccess made telephone calls to generate leads for Axium.

Admit.

REQUEST FOR ADMISSION NO. 75:

Admit that DirectAccess entered into contracts with companies other than Axium to make telephone calls to generate leads for those other companies.

Admit.

**REQUEST FOR ADMISSION NO. 76:**

Admit that Vivint had no contractual entitlement to control the marketing activities of Axium.

Denied. For example, and without limitation, document bates numbered VIVINT000133 to 134 demonstrates that Vivint had control over Axium's marketing activities. For example, it includes a "NON-CIRCUMVENT" clause at paragraph 6, which prohibits Axium from sending Vivint leads to any company other than Vivint.

**REQUEST FOR ADMISSION NO. 77:**

Admit that Axium had no contractual entitlement to control the telephone calling activities of DirectAccess.

Denied. For example, and without limitation, document bates numbered VIVINT000133 to 134 demonstrates that Vivint had control over Axium's marketing activities. For example, it includes a "NON-CIRCUMVENT" clause at paragraph 6, which prohibits Axium from sending Vivint leads to any company other than Vivint.

**REQUEST FOR ADMISSION NO. 78:**

Admit that Vivint did not control, or attempt to control, the marketing activities of Axium other than to contractually require Axium to comply with all federal, state and local laws regarding its business practices an operations.

Denied. For example, and without limitation, document bates numbered VIVINT000133 to 134 demonstrates that Vivint had control over Axium's marketing activities. For example, it includes a "NON-CIRCUMVENT" clause at paragraph 6, which prohibits Axium from sending Vivint leads to any company other than Vivint.

**REQUEST FOR ADMISSION NO. 79:**

27

**Admit that Axium did not control, or attempt to control, the telephone calling activities of DirectAccess.**

Plaintiff objects because he has issued discovery on a variety of subjects that would include this information to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

After reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable himm to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

REQUEST FOR ADMISSION NO. 80:

**Admit that no Vivint employee was employed by either Axium or DirectAccess.**

Plaintiff objects because he has issued discovery on a variety of subjects that would include this information to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

After reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable himm to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

REQUEST FOR ADMISSION NO. 81:

**Admit that no Axium or DirectAccess employee was employed by Vivint.**

28

Plaintiff objects because he has issued discovery on a variety of subjects that would include this information to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

After reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 82:**

**Admit that Vivint played no role in creating or approving of the policies and procedures followed by either Axium or DirectAccess.**

Denied.

**REQUEST FOR ADMISSION NO. 83:**

**Admit that Vivint did not control, or attempt to control, where Axium obtained the lists of individuals used to generate sales leads for Vivint.**

Plaintiff objects because he has issued discovery on a variety of subjects that would include this information to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

After reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

29

**REQUEST FOR ADMISSION NO. 84:**

Admit that Vivint did not control, or attempt to control, who DirectAccess called in performing services for Axium.

Plaintiff objects because he has issued discovery on a variety of subjects that would include this information to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

After reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 85:**

Admit that neither Axium nor DirectAccess had authority to sell Vivint's home security products or services.

Plaintiff objects because he has issued discovery on a variety of subjects that would include this information to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

After reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he do not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

30

Notwithstanding this, the best information plaintiffs have on the subject is based upon Rule 37 talks with defense counsel and subpoena responses. According to this information, plaintiff believes that Axium and DirectAccess made telemarketing/lead generation phone calls on Vivint's behalf, and then provided lead information to Vivint. However, as noted above, this is insufficient to admit or deny the request.

**REQUEST FOR ADMISSION NO. 86:**

**Admit that Vivint did not train, select, supervise, or discipline employees of either Axium or DirectAccess.**

Denied.

**REQUEST FOR ADMISSION NO. 87:**

**Admit that Vivint did nothing to cloak either Axium or DirectAccess with the appearance that they were acting as Vivint.**

Denied.

**REQUEST FOR ADMISSION NO. 88:**

**Admit that Axium never represented to Benzion that it was an agent of Vivint or was acting on Vivint's behalf.**

Plaintiff objects because plaintiffs have issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiff does not believe they have received full and complete responses.

Some person on a call to Benzion represented that they were acting on Vivint's behalf. However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because they do not yet know what

31

person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 89:**

**Admit that Axium never represented to Glaser that it was an agent of Vivint or was acting on Vivint's behalf.**

**REQUEST FOR ADMISSION NO. 90:**

**Admit that DirectAccess never represented to Benzion that it was an agent of Vivint or was acting on Vivint's behalf.**

Plaintiff objects because he has issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

Some person on a call to Benzion represented that they were acting on Vivint's behalf. However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 91:**

**Admit that DirectAccess never represented to Glaser that it was an agent of Vivint or was acting on Vivint's behalf.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

32

**REQUEST FOR ADMISSION NO. 92:**

**Admit that DirectAccess never represented to Benzion that it was an agent of Axium or was acting on Axium's behalf.**

Plaintiffs object because they have issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

Some person on a call to Benzion represented that they were acting on Vivint's behalf. However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable them to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 93:**

**Admit that DirectAccess never represented to Glaser that it was an agent of Axium or was acting on Axium's behalf.**

**REQUEST FOR ADMISSION NO. 94:**

Admit that Benzion did not rely on any appearance that Axium was acting on behalf of Vivint.

Plaintiff objects because he have issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiff does not believe they have received full and complete responses.

33

Some person on a call to Benzion represented that they were acting on Vivint's behalf, and plaintiff relied upon this assertion when he demanded that calls cease. However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 95:**

**Admit that Glaser did not rely on any appearance that Axium was acting on behalf of Vivint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR ADMISSION NO. 96:**

**Admit that Benzion did not rely on any appearance that DirectAccess was acting on behalf of Vivint or Axium.**

Plaintiff objects because he has issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

Some person on a call to Benzion represented that they were acting on Vivint's behalf, and plaintiff relied upon this assertion when he demanded that calls cease. Plaintiff's position became worse because his requests were ignored.

34

However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 97:**

**Admit that Glaser did not rely on any appearance that DirectAccess was acting on behalf of Vivint or Axium.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR ADMISSION NO. 98:**

Admit that Benzion did not change any position in reliance upon any representation by Vivint.

Plaintiff objects because he have issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

Some person on a call to Benzion represented that they were acting on Vivint's behalf, and plaintiff relied upon this assertion when he demanded that calls cease. Plaintiff's position became worse because his requests were ignored.

However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know

35

what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 99:**

**Admit that Glaser did not change any position in reliance upon any representation by Vivint.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

**REQUEST FOR ADMISSION NO. 100:**

**Admit that Benzion did not change any position in reliance upon any representation by Axium.**

Plaintiff objects because he have issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiff does not believe they have received full and complete responses.

Some person on a call to Benzion represented that they were acting on Vivint's behalf, and plaintiff relied upon this assertion when he demanded that calls cease. However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he does not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 101:**

36

**Admit that Glaser did not change any position in reliance upon any representation by Axium.**

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

REQUEST FOR ADMISSION NO. 102:

**Admit that Benzion did not change any position in reliance upon any representation by DirectAccess.**

Plaintiff objects because he have issued discovery on this subject to Vivint, and subpoenas regarding this subject to Vivint, Axium, DirectAccess and other companies believed to be involved in making calls for Vivint and Axium, and plaintiffs do not believe they have received full and complete responses.

Some person on a call to Benzion represented that they were acting on Vivint's behalf, and plaintiff relied upon this assertion when he demanded that calls cease. However, after reasonable inquiry, including as described above, plaintiff asserts that he lacks knowledge or information to admit or deny this request, because he do not yet know what person that was. The information plaintiff knows or can readily obtain is therefore insufficient to enable him to admit or deny this request. Fed.R.Civ.P. 36(a)(4).

REQUEST FOR ADMISSION NO. 103:

**Admit that Glaser did not change any position in reliance upon any representation by DirectAccess.**

37

Objection. This request applies only to plaintiff Glaser, who is not responding to these requests based upon agreement of the parties. Plaintiff Glaser will provide a straightforward response and/or reasonable objection when he is able to do so.

As to Objections:

MATTHEW BENZION and
THEODORE GLASER, individually
and on behalf of others similarly situated

By: *s/Scott D. Owens*
  Scott D. Owens (No. 597651)
  SCOTT D. OWENS, P.A.
  664 E. Hallandale Beach Blvd.
  Hallandale, FL 33009
  Telephone: (954) 589-0588
  scott@scottdowens.com

  Edward A. Broderick
  Anthony I. Paronich
  (admitted *pro hac vice*)
  Broderick Law, P.C.
  125 Summer St., Suite 1030
  Boston, MA  02110
  (617) 738-7080
  ted@broderick-law.com
  anthony@broderick-law.com

  Matthew P. McCue.
  (admitted *pro hac vice*)
  The Law Office of Matthew P. McCue
  1 South Avenue, Suite 3
  Natick, MA  01760
  (508) 655-1415
  mmccue@massattorneys.net

  Alexander H. Burke
  (admitted *pro hac vice*)
  BURKE LAW OFFICES, LLC
  155 N. Michigan Ave., Suite 9020
  Chicago, IL 60601
  Telephone: (312) 729-5288

aburke@burkelawllc.com

Daniel J. Marovitch
(admitted *pro hac vice*)
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
dmarovitch@marovitchlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2013, I electronically sent the foregoing document to

the following counsel of record:

Elizabeth J. Campbell
LOCKE LORD, LLP
3333 Piedmont Road, N.E.
Terminus 200, Suite 1200
Atlanta, GA 30305
ecampbell@lockelord.com

Thomas J. Cunningham
Martin W. Jaszczuk
LOCKE LORD, LLP
111 South Wacker Drive
Chicago, IL 60606
tcunningham@lockelord.com
mjaszczuk@lockelord.com

*Counsel for Defendant*

s/*Scott D. Owens*
Scott D. Owens
Florida Bar No. 597651

*One of Plaintiffs' Attorneys*