IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  0:12-CV-61826-WJZ

MATTHEW BENZION and THEODORE
GLASER, individually and on behalf of
others similarly situated,

    Plaintiffs,

vs.

VIVINT, INC., a Utah corporation,

    Defendant.
_____/

## VIVINT, INC.'S MOTION FOR ISSUANCE OF
## LETTERS OF REQUEST (LETTERS ROGATORY)

Defendant, Vivint, Inc. ("Vivint"), by and through its attorneys, Thomas J. Cunningham and Martin Jaszczuk of Locke Lord LLP and Bruce Reinhart of McDonald Hopkin LLC, hereby moves this Court for an order that letters of request (letters rogatory) issue to the appropriate authority having jurisdiction of civil causes in and for Canada, and states as follows:

    1.    Third-party witness Opt In Plus, Inc. ("Opt In Plus") resides in Canada.  Under the laws of Canada, Vivint cannot compel this witness to produce documents or answer questions under oath without the assistance of the Canadian courts.

    2.    Vivint requires the evidence requested in the Requests For International Judicial Assistance (Letters Rogatory) (the "Letters Rogatory"), attached hereto as *Exhibit A*, in order to provide factual support for its defense that Plaintiff consented to being called by Vivint or its agents or independent contractors or other parties on their mobile telephones.  Specifically, Plaintiff contends that he received unsolicited calls made by someone on Vivint's behalf.  The

Plaintiff contends that the telephone numbers from which the subject calls originated were used by DirectAccess Corporation ("DirectAccess") on the dates the calls were received. DirectAccess is a call center company used by Axium Marketing, LLC ("Axium"), a company Vivint engaged to develop sales leads. Opt In Plus was the sole source for the lists of numbers that Axium provided to DirectAccess to make calls to develop leads for Vivint. On information and belief, Opt In Plus either has no record of Plaintiff, which would establish that the calls he received were not related to Vivint, or, in the alternative, Opt In Plus has evidence of Plaintiff's consent to be contacted on his mobile telephone for telemarketing purposes.

3.  Canada is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Consequently, Vivint has prepared the attached Letters Rogatory. The Letters Rogatory describe, in detail, the evidence sought from Opt In Plus, as well as the need for such information.

4.  "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, n.1 (U.S. 2004). Letters rogatory "are freely granted by district courts in the United States." *In re Banco Santander Securities-Optimal Litigation*, 732 F. Supp. 2d 1305, 1338 (S.D. Fla. 2010). While "[t]he standard pursuant to which a request for letters rogatory is evaluated is not uniform in the case law," some courts have held that "the party opposing issuance of a letter rogatory must establish good cause for denial." *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, No. 11 Civ. 3108(NRB), 2012 WL 4784632, at *3 (S.D. N.Y. Oct. 04, 2012); *Evanston Ins. Co. v. OEA, Inc.*, No. CIV S-02-1505 DFL PAN, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006). Other courts have "required a district court denying issuance of a letter rogatory to show some reason for its decision." *Evanston Ins. Co.*, 2006 WL 1652315, at *2; *see also Plasma*

*Physics Corp. v. Sanyo Elec. Co., Ltd.*, No. 88 C 2274, 1989 WL 103357, at *1 (N.D. Ill. Aug. 24, 1989) (granting request for issuance of letters rogatory where the court was unable to determine that the requested evidence "does not have a reasonable relevancy").

5. Here, equity requires that the Letters Rogatory be issued. As set forth above, Vivint believes that Opt In Plus is in possession of evidence that is vital to its defense. Vivint is unable to compel the production of this evidence without the Letters Rogatory being issued. Vivint has retained local counsel in Canada to assist with expediting the process of obtaining the evidence from Opt In Plus. Local counsel in Canada has experience with obtaining evidence for United States litigants. This Court should therefore grant this Motion and issue the attached Letters Rogatory.

6. Counsel for Vivint consulted with counsel for Plaintiff regarding this motion and the relief requested. Counsel for Plaintiff indicated that Plaintiff is not opposed to Vivint's requests that are within the scope of the Federal Rules of Civil Procedure.[1].

WHEREFORE, for the reasons set forth herein and in the attached Letters Rogatory, Vivint, Inc., respectfully requests that this Honorable Court grant its Motion For Issuance Of Letters Of Request and issue the Requests For International Judicial Assistance (the "Letters Rogatory"), attached hereto as *Exhibit A*, as follows:

a. This Court would sign two originals of the Letters Rogatory;

b. This Court would then direct the Clerk of this Court to (i) enter the Letters Rogatory on the electronic docket, (ii) place the Court's official seal upon each signed Letter Rogatory, and (iii) permit Vivint's counsel to pick up the two signed and sealed Letters Rogatory;

---

[1] Counsel for Vivint requested that Plaintiff join, or not oppose, Vivint's motion for issuance of letters rogatory and counsel for Plaintiff responded by email as follows: "We think the language in the proposed letters rogatory isn't really that clear that Vivint wants consent information for anyone more than the plaintiffs. Our position is that it is Vivint's burden to show consent/EBR, and that if it doesn't get consent/EBR information for the entire class, Vivint will have a problem proving consent for the class members. The burden of proof is on Vivint for these matters, so it can ask for what it wants, as long as what it is asking for is within the Federal Rules."

    c.    Vivint's counsel would then transmit one set of the signed and sealed Letters Rogatory to the appropriate foreign authority through the proper diplomatic channels and send the other set of signed and sealed Letters Rogatory to its local counsel in Canada, who may be able to expedite the process by making requests to the appropriate tribunal directly;

    d.    The foreign authority would then obtain the requested evidence and return it to this Court; and

    e.    This Court would then provide the evidence and executed Letters Rogatory to counsel by entering it on the electronic docket or in any other manner the Court finds appropriate.

Dated: May 3, 2013

    s/Bruce E. Reinhart_____
Bruce E. Reinhart
Florida Bar No. 0010762
McDonald Hopkins LLC
505 South Flagler Drive, Suite 300
West Palm Beach, Florida  33401
Tel.  (561) 472-2121
Fax.  (561) 472-2122

Thomas J. Cunningham  (*pro hac vice*)
Martin W. Jaszczuk  (*pro hac vice*)
111 South Wacker Drive
Chicago, Illinois  60606
Tel.  (312) 443-0610
Fax. (312) 896-6610
Email:  *tcunningham@lockelord.com*
Email:  *mjaszczuk@lockelord.com*

*Attorneys for Defendant Vivint, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2013, I caused the foregoing **VIVINT, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST (LETTERS ROGATORY)** to be filed with the Clerk of the Court, using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

Scott D. Owens
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Scott@scottdowens.com

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
aburke@burkelawllc.com

Daniel J. Marovitch
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
dmarovitch@marovitchlaw.com

Edward A Broderick
Anthony Paronich
BRODERICK LAW, PC
125 Summer St., Ste. 1030
Boston, MA 01760

Matthew McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Ste. 3
Natick, MA 01760

                        s/Bruce E. Reinhart
                        *One of the Attorneys for Defendant Vivint, Inc.*