IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  0:12-CV-61826-WJZ

MATTHEW BENZION, individually and
on behalf of others similarly situated,

    Plaintiff,

vs.

VIVINT, INC., a Utah corporation,

    Defendant.

_____/

**DEFENDANT VIVINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant, Vivint, Inc., by its counsel Thomas J. Cunningham, Martin W. Jaszczuk and Bruce E. Reinhart, hereby respectfully submits its Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum in Support.

### I.  INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") fails to allege sufficient facts to state a claim against Vivint in any of its counts and should be dismissed in its entirety.  In the SAC, Plaintiff attempts to state claims against Vivint for purported violations of the Telephone Consumer Protection Act ("TCPA") by using artificial or prerecorded voice messages or an automatic telephone dialing system ("ATDS") to make calls to Plaintiff's cellular telephone without Plaintiff's prior express consent (Count I) and by making calls to Plaintiff while he was allegedly on Vivint's company-specific do-not-call list as well as the National Do-Not-Call List

(Counts II and III).[1]  Plaintiff has failed, however, to allege facts to properly support his conclusory allegations regarding any of these purported violations of the TCPA.

As to Count I, Plaintiff makes no allegation, beyond a bare recitation of the element, that Vivint utilized an artificial or prerecorded voice or ATDS to place the calls alleged.  Several courts have held that, pursuant to the Supreme Court's rulings in *Twombly* and *Iqbal*, a plaintiff must allege some plausible factual support for the conclusion that the defendant used a prerecorded voice or ATDS – mere conclusory allegations are insufficient to raise the right to relief above pure speculation.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Johansen v. Vivint, Inc.*, No. 12 C 7159, 2012 WL 6590551, *2-4 (N.D. Ill. Dec. 18, 2012); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMc), 2011 WL 291076, *1-2 (S.D. Cal. Jan. 27, 2011).  Plaintiff cannot simply "assume" or "guess" that "maybe" Vivint used a prerecorded voice or an ATDS to make the alleged calls.  Plaintiff must plead specific facts that he has a good faith basis to believe are true that would indicate that a prerecorded voice or ATDS was used.  Furthermore, Plaintiff has failed to allege specific facts regarding the purported calls of which he complains.  Such allegations are required to state a claim for violations of the TCPA.  *See Hanley v. Green Tree Servicing, LLC,* No. 12 C 4158, 2013 WL 1189697, *4-6 (N.D. Ill. March 21, 2013); *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, *3 (N.D. Ill. Dec. 14, 2009). Because Plaintiff has failed to plead such facts, this Court should dismiss Count I of the SAC.

Plaintiff has similarly failed to state claims against Vivint in Counts II and III of the SAC.  Plaintiff purports to allege that Vivint violated the regulations prescribed under §

---

[1] Plaintiff was granted leave to file the specific SAC that was attached to his motion for leave to amend. Without seeking further Court approval, Plaintiff unilaterally and improperly filed a different SAC. *Compare* Dkt. 102-1 and 111.  Nevertheless, because the SAC that Plaintiff filed is insufficient for the reasons stated herein, Vivint will not waste the Court's time by filing a motion to strike the SAC.

{4503507:}                                                     2

227(c)(5) in relation to the National Do-Not-Call List and company-specific do-not-call lists. But under the prescribed regulations it is only a violation of the TCPA for an entity to place calls to a person on the National Do-Not-Call List or company-specific do-not-call lists if that entity did not have in place the procedures set forth in 47 C.F.R. § 64.1200(c) and (d) prior to placing the alleged calls.  *See* 47 C.F.R. § 64.1200(c) and (d).  *See also Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011); *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 626 (6th Cir. 2009); *Charvat v. DFS Servs., LLC*, 781 F. Supp. 2d 588, 592-93 (S.D. Ohio 2011); *Hamilton v. Voxeo Corp.*, Nos. 3:07-cv-404 and 308-cv-279, 2009 WL 1868542, *2 (S.D. Ohio June 25, 2009). Plaintiff's SAC completely fails to allege that Vivint did not have the requisite procedures in place prior to purportedly placing the alleged calls.  Consequently, Counts II and III of the SAC must be dismissed as well.  For these reasons, Vivint's motion to dismiss should be granted and the entire SAC should be dismissed.

## II.   ARGUMENT

### A.   APPLICABLE LAW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The U.S. Supreme Court has held that, under the pleading standard set by Rule 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it merely offers "naked assertion[s]" devoid of "further factual enhancement."  *Id.*  Factual allegations must be sufficient to raise a right to relief above the speculative level.  *Twombly*, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678;

*Twombly*, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Thus, threadbare recitals of the elements of a cause of action supported by nothing more than mere conclusory statements do not suffice.  *Id*.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 556 U.S. at 679.

 **B.** **PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO MEET THE SUPREME COURT'S *TWOMBLY* AND *IQBAL* STANDARDS AND SHOULD BE DISMISSED.**

  **1.** **THE SECOND AMENDED COMPLAINT FAILS TO PROPERLY ALLEGE USE OF AN ATDS OR PRERECORDED VOICE.**

In the SAC Plaintiff makes unsupported, conclusory allegations that the calls at issue were made using "prerecorded voice messages" and "an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention."  *See* SAC, ¶ 30.  *See also* SAC, ¶¶ 2, 9, 10, 50, 53.  Several federal courts have dismissed complaints similar to Plaintiff's SAC on this basis.  In *Johansen*, 2012 WL 6590551 at *2-4, the court agreed with the defendant's argument that pleading the use of an ATDS or prerecorded voice, without providing any other supporting facts, made the plaintiff's allegation an impermissible conclusory statement merely reciting the legal elements of a TCPA claim.  In granting the defendant's motion to dismiss, the court noted:

> Plaintiff provides no information about the two messages he allegedly received from [the defendant] other than stating that [the defendant] left pre-recorded messages on his cellular telephone using an ATDS.  *Without enhancing his complaint with anything more than the language already available in the statute, Plaintiff provides only a threadbare, 'formulaic recitation of the elements' of a TCPA cause of action, which is not entitled to an assumption of*

> *truth….On the contrary, a plaintiff must supply enough additional, independent facts 'to raise a reasonable expectation that discovery will reveal evidence' of the alleged misconduct. For example, a TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the "person" calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS.*

*Johansen*, 2012 WL 6590551 at *2-4 (citations omitted, emphasis added).  *See also Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-1316 (S.D. Fla. 2012) (dismissing plaintiff's TCPA claim because plaintiff "provide[d] no facts whatsoever about any automated or pre-recorded calls" the defendant allegedly made).

Similarly, in *Knutson*, 2011 WL 291076 at *1-2, the court dismissed a complaint containing the allegation that the defendant used an "automatic dialing system as defined by 47 U.S.C. § 227(a)(1)."  The court noted that "[a]s an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.'  Such a naked assertion need not be taken as true." *Id.* at *2 (emphasis added).  The court noted that the plaintiff failed in his complaint to provide details about the manner of the calls except that they were solicitations about the defendant's real estate business.  *See id.*  Therefore, the court stated there was nothing in the complaint that allowed the court to infer that the calls were randomly generated or impersonal.  *See id.*  For these reasons, the court found that the plaintiff had failed to state a claim for relief under the TCPA because he had failed to properly plead one of the necessary elements—that an automatic telephone dialing system or artificial or prerecorded voice was used in making the calls.  *See id.*  The same is true here.

A number of courts have reached the same conclusion, holding that allegations merely parroting the language of the TCPA with respect to use of an ATDS are bare legal conclusions

entitled to no weight." *Abbas*, 2009 WL 4884471 at *3. *See also Kazemi v. Payless Shoesource, Inc.*, No. C 09-5142 MHP, 2010 WL 963225, *2 (N.D. Cal. March 16, 2010). These courts have held that additional facts supporting allegations of the defendant's use of an ATDS must be asserted before a court can find that plaintiffs have stated a claim under the TCPA. *See Freidman v. Massage Envy Franchising, LCC*, No. 3:12-cv-02962, 2013 WL 3026641, *2-3 (S.D. Cal. June 13, 2013)(assertion that plaintiff received impersonal messages, without additional factual details to show that an ATDS was used, was insufficient to state a claim under the TCPA); *Pimental v. Google, Inc.*, No. C-11-02585-YGR, 2012 WL 691784, *2 (N.D. Cal. March 2, 2012)(additional allegations that defendants transmitted text messages en masse using one common cellular telephone number and that defendants harvested phone numbers to be dialed allowed court to infer use of ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)(plaintiff's additional allegations regarding use of SMS short code registered to the defendant and impersonal manner of advertisements allowed court to infer use of ATDS); *Kazemi*, 2010 WL 963225, *2 (plaintiff's description of the received messages as being formatted in SMS short code licensed to defendants, scripted in an impersonal manner, and sent en masse supported a reasonable inference that the text messages were sent using an ATDS); *Abbas*, 2009 WL 4884471, *3 (plaintiff's additional allegations regarding use of an SMS short code for which defendant had a license, the text of the text message sent, and other supporting facts enabled the court to infer that the defendant used an ATDS). *See also Buslepp v. Improv Miami, Inc.*, No. 12–60171–CIV., 2012 WL 4932692, *2 (S.D. Fla. Oct. 16, 2012) (holding that defendant's storing customers' phone numbers in a database or sending out a text message to twenty or fifty customers did not establish that defendant used an ATDS).

Like the complaints in *Johansen*, *Knutson*, *Freidman* and *Duran*, Plaintiff's SAC merely parrots the language of the TCPA in a formulaic way. The SAC does not allege any facts to support Plaintiff's conclusory allegations. With respect to the calls alleged, the SAC fails to make any allegations such as any robotic sound of the voice on the line, any lack of human response or interaction when Plaintiff attempted to have a conversation with the "person" calling, the generic content of the message received, or anything else about the calls contributing to Plaintiff's belief that the calls were made using an artificial or prerecorded voice.[2] *See Johansen*, 2012 WL 6590551 at *2-4. Therefore, Count I of the SAC fails to state a claim and Vivint's motion to dismiss should be granted.

### 2. THE SECOND AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT DETAILS REGARDING EACH CALL PLAINTIFF PURPORTEDLY RECEIVED.

Plaintiff's SAC also fails to allege sufficient details regarding each call Plaintiff contends violated the TCPA. Plaintiff must allege such details to properly state a claim under the TCPA. *See Abbas*, 2009 WL 4884471 at *2. In *Abbas*, the court dismissed the complaint even though the plaintiff made specific allegations regarding some messages, but also made "broad conclusory allegations regarding the 'numerous' further messages that he allegedly received." *Id.* The court noted that plaintiff's allegations provided no notice to the defendant regarding the subsequent messages plaintiff allegedly received. *See id.* Plaintiff had not identified when he received the later messages, what those messages stated, or from what numbers he received them. *See id.* The court stated that "[s]ome fair notice to [the defendant] is particularly necessary here because [plaintiff] seeks recovery for each violation of the TCPA." *Id.* Therefore, the court dismissed the plaintiff's complaint on grounds that the allegations regarding

---

[2] Indeed, much of the SAC is made up of conclusory allegations or legal argument without any supporting facts. *See e.g.,* SAC, ¶¶ 14-25.

the subsequent messages received were insufficient to state a cause of action under the TCPA. *See id.*

Similarly, in *Hanley*, 2013 WL 1189697 at *4-6, the court also held that the plaintiff failed to plead facts from which the court could "infer more than the mere possibility of misconduct." In so holding, the court noted:

> *Hanley does not plead how many calls Green Tree allegedly made to him in violation of the Act. Nor does Hanley plead when the allegedly offending calls were made.* He does not plead when he asked Green Tree to cease calling him, nor how he asked. The factual allegations in the complaint represent nothing more than "a formulaic recitation of the elements of a cause of action," and such "[t]hreadbare recitals ... supported by mere conclusory statements do not suffice." *Hanley merely states what he understands the TCPA to proscribe, and then goes on to plead threadbare and conclusory facts that allege the elements of a prima facie cause of action under the Act, but nothing more.* Hanley's complaint, therefore, is highly suspect because it merely recites naked facts mimicking the elements of a cause of action under the TCPA.

*Id.* at *6 (internal citations omitted) (emphasis added).

The same is true here. Plaintiff does not plead how many calls Vivint (or some third-party for whom he alleges Vivint is responsible) allegedly made to him in violation of the TCPA. Plaintiff alleges dates regarding some of the calls but then states that "[d]iscovery from Defendant or third parties that work with Defendant to promote its goods and services will almost certainly show that there were more calls." *See* SAC, ¶ 31. Discovery is nearly complete in this case. Vivint is entitled to know, with specificity, what calls the Plaintiff is alleging violated the TCPA and what facts support Plaintiff's claim that Vivint is responsible for them. Because Plaintiff has not done so, Plaintiff has failed to state a claim for violation of the TCPA in Count I of his SAC, and Vivint's motion to dismiss should be granted.

### 3. THE SECOND AMENDED COMPLAINT FAILS TO ALLEGE THAT VIVINT DID NOT INSTITUTE THE PROCEDURES REQUIRED BY 47 C.F.R. § 64.1200(c) AND (d).

Finally, the SAC fails to properly allege that Vivint neglected to institute procedures for maintaining a list of persons who request not to receive telemarketing calls or for ensuring that persons on the National Do-Not-Call List are not called. The SAC purports to state a claim for violation of the regulations prescribed under § 227(c)(5) in relation to the National Do-Not-Call List or company-specific do-not-call lists.

Section 227(c)(5) provides:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may…bring…
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions….

The regulations prescribed under subsection (c)(5) are 47 C.F.R. § 64.1200(c) and (d), which provide:

> (c) No person or entity shall initiate any telephone solicitation to:
>
> (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location), or
>
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government…*Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:*
>
> (i) *It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:*

(A) Written procedures.  It has established and implemented written procedures to comply with the national do-not-call rules;

(B) Training of personnel.  It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;

(C) Recording.  It has maintained and recorded a list of telephone numbers that the seller may not contact;

(D) Accessing the national do-not-call database.  It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.

…

(E) Purchasing the national do-not-call database.  It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law to prevent telephone solicitations to telephone numbers registered on the national database….

d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber *unless such person or entity has instituted procedures* for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential

subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

(7) Tax-exempt nonprofit organizations are not required to comply with 64.1200(d).

47 C.F.R. § 64.1200(c) and (d) (emphasis added).

Thus, the regulations under which Plaintiff brings suit provide that it is the *failure to institute standards and procedures* for maintaining a list of persons who request not to receive telemarketing calls that is a violation of the regulations *and not the calls themselves*. Indeed, subsection (c) provides that a person or entity will not be liable if it has met the standards and implemented the procedures set forth in the subsection, and subsection (d) provides that a person

or entity shall not initiate a telemarketing call without instituting the procedures listed within that subsection. Plaintiff, however, has failed to allege anywhere in the SAC that Vivint has not met the standards and implemented the procedures set forth in subsections (c) and (d).

Courts in several cases have agreed that it is the failure to institute procedures that is a violation of the TCPA regulations rather than the calls themselves. In *Charvat v. DFS Servs., LLC*, the court dismissed two counts of plaintiff's complaint for failure to state a claim, noting that "*[t]he regulations do not specifically proscribe actually calling an individual after the individual has requested placement on a do-not-call list…nor do the regulations specifically proscribe failing to record an individual's request to be placed on a do-not-call list….*" *DFS Servs.,* 781 F. Supp. 2d at 592-593 (emphasis added). Instead, "the only actual violation of the TCPA regulations occurs when a telemarketer initiates a call *without having the proper procedures in place.*" *DFS Services, LLC*, 781 F. Supp. 2d at 593. (emphasis added). In reaching its decision, the court cited the Sixth Circuit's decision in *GVN Michigan,* 561 F.3d at 626, where the court affirmed the district court's dismissal of the plaintiff's lawsuit for failing to meet the amount-in-controversy required for diversity actions and found that "the 'violation of the regulations' is therefore the initiation of the phone call without having implemented the minimum procedures."

The Sixth Circuit reached the same conclusion in *Charvat v. NMP* – again noting that the violation of the regulations is the initiation of a call without having the necessary procedures in place. *See NMP*, 656 F.3d at 447. Accordingly, the court limited the plaintiff to one statutory damage amount for each phone call that "defendants initiated *without having implemented the minimum procedures* for maintaining a do-not-call list." *Id.* (emphasis added). The Southern District of Ohio reached the same holding in *Hamilton*, 2009 WL 1868542 at *2. In that case,

the plaintiff contended that the defendant violated section (d)(1) of the regulations by refusing to provide plaintiff with the written policy called for by that section. *Id.* at *2. In rejecting the plaintiff's argument, the court noted that "[p]laintiff cannot recover for [defendant's] refusal to send him its do-not-call policy. *He can only recover for a call made at a time when [defendant] did not have such a policy in place. . . .*" *Hamilton*, 2009 WL 1868542, *4. (emphasis added).

In sum, to properly support his allegations in Counts II and III, Plaintiff must allege that Vivint failed to implement the proper standards and procedures required by the regulations – not that Vivint called someone who had requested to be on a do not call list. Because Plaintiff has failed to plead that Vivint did not have the necessary procedures in place, he has not properly alleged a private right of action under 47 U.S.C. § 227(c)(5) for "violation of the regulations prescribed under this subsection." Therefore, Counts II and III of Plaintiff's SAC must also be dismissed.

### III.  CONCLUSION

Plaintiff's Second Amended Complaint fails to allege any facts to support his conclusory allegations that an ATDS or prerecorded voice was used to make the calls alleged. Plaintiff has also failed to allege specific facts regarding all of the calls alleged in the Second Amended Complaint. Therefore, Count I of Plaintiff's Second Amended Complaint fails to state a claim against Vivint and should be dismissed. Furthermore, Plaintiff has failed to properly allege that Vivint did not institute the procedures required by 47 C.F.R. § 64.1200(c) and (d) prior to allegedly placing calls to Plaintiff. Consequently, Counts II and III of Plaintiff's Second Amended Complaint must also be dismissed. For these reasons, Vivint's motion to dismiss should be granted and the entire Second Amended Complaint should be dismissed.

Dated: September 23, 2013

/s/ Bruce E. Reinhart
Bruce E. Reinhart
Florida Bar No. 0010762
Flagler Center Tower
505 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Phone: (561) 472-2970
Email: *breinhart@mcdonaldhopkins.com*

Elizabeth J. Campbell
Florida Bar No. 0027916
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, Georgia 30305
Phone: (404) 870-4600
Email: *ecampbell@lockelord.com*

Thomas J. Cunningham  (*pro hac vice*)
Martin W. Jaszczuk  (*pro hac vice*)
111 South Wacker Drive
Chicago, Illinois  60606
Phone: (312) 443-0610
Email: *tcunningham@lockelord.com*
Email: *mjaszczuk@lockelord.com*

*Attorneys for Defendant Vivint, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23 day of September, 2013, I filed **DEFENDANT VIVINT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT** with the Clerk of the Court, using the CM/ECF system which will send a notice of electronic filing to the following counsel of record in this action:

| | |
|---|---|
| Scott D. Owens<br>SCOTT D. OWENS, P.A.<br>664 E. Hallandale Beach Blvd.<br>Hallandale, FL 33009<br>scott@scottdowens.com | Alexander H. Burke<br>BURKE LAW OFFICES, LLC<br>155 N. Michigan Ave., Ste. 9020<br>Chicago, IL 60601<br>aburke@burkelawllc.com |
| Daniel J. Marovitch<br>MAROVITCH LAW FIRM, LLC<br>233 S. Wacker Dr., 84th Fl.<br>Chicago, IL 60606<br>dmarovitch@marovitchlaw.com | Edward A Broderick<br>Anthony Paronich<br>BRODERICK LAW, PC<br>125 Summer St., Ste. 1030<br>Boston, MA 01760<br>ted@broderick-law.com<br>anthony@broderick-law.com |
| Matthew McCue<br>THE LAW OFFICE OF MATTHEW P. MCCUE<br>1 S. Ave., Ste. 3<br>Natick, MA 01760<br>mmccue@massattorneys.net | |

                                              __/s/ Bruce E. Reinhart_____

                                              *One of the Attorneys for Defendant Vivint, Inc.*