UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61826-CIV-ZLOCH

MATTHEW BENZION, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

VIVINT, INC., a Utah corporation,

    Defendant.
_____/

## PRELIMINARY APPROVAL ORDER

  THIS MATTER is before the Court upon Plaintiff Matthew Benzion's Unopposed Motion For Preliminary Approval Of Class Action Settlement (DE 177). The Court has carefully reviewed said Motion, the entire court file herein, and is otherwise fully advised in the premises.

  On May 1, 2014, the Parties filed a Stipulation of Settlement (177-2) (hereinafter the "Stipulation" or "Settlement") which, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims against Defendant Vivint, Inc. and other Released Parties; the Court having considered the Stipulation (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Stipulation appears fair, reasonable, and adequate, and that a hearing should and will be held after Notice to the Settlement Class to confirm that the

Stipulation is fair, reasonable, and adequate, and to determine whether a Judgment Approving Settlement and Order of Dismissal should be entered in this action based upon the Stipulation;[1]

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

Plaintiff Matthew Benzion's Unopposed Motion For Preliminary Approval Of Class Action Settlement (DE 177) be and the same is hereby **GRANTED** as follows:

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following:

> All persons or entities within the United States of America who, at any time from September 17, 2008 through the date of the Settlement Agreement, received one or more Covered Calls. "Covered Calls" means either (1) a call utilizing a pre-recorded message; (2) a call made through the use of automated dialing equipment; or (3) a call made to a telephone number that was registered on the National Do Not Call Registry or that was on Vivint's internal "Do Not Call" list, where the call described in (1), (2) and/or (3) relates in any way to Vivint products or services or was intended to generate a sales lead to be delivered to Vivint. Covered Calls include calls initiated or made by Vivint or by someone acting or purporting to act on behalf of Vivint, relating in any way to Vivint or Vivint's business, including calls made by Vivint's Dealers, Vivint's Telemarketers, Vivint's Lead Generators, Vivint's

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

2

>Marketing Partners, or by anyone seeking to generate leads to be delivered to Vivint, or any calls initiated or made by anyone seeking to generate leads for anyone else where the lead sought to be generated from the call ultimately could have been delivered to Vivint or Vivint's Telemarketers, Vivint's Lead Generators, or Vivint's Marketing Partners. Covered Calls include any such calls, whether or not authorized by, approved by, or known by Vivint.

Based on the discovery conducted to date, direct notice will be given to each Settlement Class Member who was identified during the course of discovery to have received an allegedly illegal call promoting Vivint goods and services.

3. Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, Plaintiff Matthew Benzion is hereby appointed class representative and the following counsel are hereby appointed as Class Counsel:

>Scott D. Owens
>SCOTT D. OWENS, P.A.
>664 E. Hallandale Beach Blvd.
>Hallandale, FL 33009
>
>Edward A. Broderick
>Anthony I. Paronich
>Broderick Law, P.C.
>125 Summer St., Suite 1030
>Boston, MA 02110
>
>Matthew P. McCue
>Law Office of Matthew P. McCue
>1 South Avenue, Suite 3
>Natick, MA 01760
>
>Alexander H. Burke
>BURKE LAW OFFICES, LLC
>155 N. Michigan Ave., Suite 9020
>Chicago, IL 60601

Daniel J. Marovitch
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606

4.      The Court hereby directs Class Counsel to retain an administrator to provide Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Stipulation, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

5.      The prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been preliminarily satisfied, for settlement purposes only, in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the Settlement Class he seeks to represent; (d) the representative plaintiff will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the Settlement Class have a limited interest in individually

prosecuting the claims at issue; (B) it is desirable to concentrate the claims in this forum; and (C) it is unlikely that there will be difficulties encountered in administering this Class Action Settlement.

6.  A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby **SET** on Monday, August 25, 2014 at 10:00a.m. in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida, before the undersigned for the following purposes:

> (a)  to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;
>
> (b)  to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;
>
> (c)  to determine whether the Judgment as provided under the Stipulation should be entered;
>
> (d)  to consider the application for an award of attorneys' fees and expenses of Class Counsel;
>
> (e)  to consider the application for compensation awards to the class representative;
>
> (f)  to consider the distribution of the Settlement Fund pursuant to the Stipulation of Settlement; and

    (g) to rule upon such other matters as the Court may deem appropriate.

Briefs and papers in support of the final approval of the proposed Settlement shall be filed no later than fourteen days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Judgment approving the Stipulation of Settlement and Order of Dismissal in accordance with the Stipulation of Settlement that will adjudicate the rights of all Settlement Class Members.

  7. The Court hereby approves the form, content, and requirements of the Notice Plan annexed to the Stipulation of Settlement (177-2) as Exhibit 2, and the regime for notice set forth in the Stipulation of Settlement. Class Counsel shall cause the direct mailed notice to be sent on or before fourteen (14) days after the date of preliminary approval to each Settlement Class Member who can be identified, which the Court finds constitutes reasonable effort to identify and notify such class members. Class Counsel shall cause the publication notice to be provided to Class Members as set forth in the Notice Plan. Class Counsel shall, prior to the Final Approval Hearing, file with the Court proof of the provision of notice as set forth on the Notice Plan.

8. The form and method set forth or identified herein of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

9. All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund according to a Court-approved plan of Notice and allocation shall be paid out of the Settlement Fund, as provided by the Stipulation.

10. On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) responses to any objections received; (iii) any application for award of attorneys' fees, costs, and expenses; and (iv) any application for compensation award to the class representative. For clarity, the deadlines to which the Parties shall adhere are as follows:

| | |
|---|---|
| **Class Notice Sent by:** | Monday, June 23, 2014 |
| **Objection/Exclusion/Claims Form:** | Monday, July 28, 2014 |
| **Final Approval Submissions:** | Monday, August 11, 2014 |
| **Final Approval Hearing:** | Monday, August 25, 2014 |

7

11. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound, even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Released Parties relating to the claims released pursuant to or covered by the terms of the Settlement.

12. A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by postage prepaid, first-class mail postmarked no later than <u>Monday, July 28, 2014</u>, to the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the Settlement Class Member must state his or her full name, address, telephone number(s) at which s/he maintains s/he received Covered Calls, and whether each telephone number is for a cellular phone or a residential landline. Further, the Settlement Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the Settlement. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by

8

the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

13. Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed Settlement must submit a complete and timely written statement of all grounds for the objection, together with factual and legal support for the stated objection, by no later than Monday, July 28, 2014. A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the request for attorneys' fees, or the request for a compensation award to the class representative are required to indicate in their written objection their intention to appear at the hearing, and must state his or her full name, address, telephone number(s) at which s/he maintains s/he received Covered Calls, whether each telephone number is for a cellular phone or a residential landline, the reasons for his or her objection, and state the identity of any witnesses s/he may call to testify and exhibits s/he intends to introduce into evidence at the Final Approval Hearing, which shall

be attached.  Plaintiff shall file responses to any objections by no later than Monday, August 4, 2014.  Defendant may, but is not obligated to, file responses to objections by no later than Monday, August 11, 2014.  The Court will consider comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the class representative only if such comments or objections and any supporting papers are filed in writing with the Clerk of this Court by Monday, August 11 2014.  No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless these requirements are satisfied.

14. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

15. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16. All discovery and other pretrial proceedings in the litigation are stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Stipulation and this Order.

17. If the Settlement does not become effective, the Order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement

Class shall be automatically vacated, voided, and treated as if never filed, and the Parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached.

18. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of June, 2014.

William J. Zloch
United States District Judge