```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 12-61826-CIV-ZLOCH
```

MATTHEW BENZION, individually
and on behalf of all others
similarly situated,

    Plaintiffs,                                **FINAL ORDER AND**
                                         **JUDGMENT APPROVING**
vs.                                      **CLASS ACTION SETTLEMENT**

VIVINT, INC.,

    Defendant.
_____/

      THIS MATTER is before the Court on the Plaintiff's Motion And Memorandum In Support Of Final Approval Of Class Action Settlement Agreement, Attorneys' Fees, Expenses, And Incentive Award (DE 192) and Plaintiff's Amended Motion For Final Order Approving Settlement (DE 196). The matter came before the Court on August 25, 2014, for a hearing pursuant to Federal Rule of Civil Procedure 23(e) (the Final Approval hearing") as to the fairness, reasonableness, and adequacy of the, Parties' proposed settlement of this class action lawsuit preliminarily approved by the Court at this hearing (DE 195). The Court has carefully reviewed said Class Action Settlement, the entire court file and is otherwise fully advised in the premises.

      Accordingly, after due consideration, it is

      **ORDERED AND ADJUDGED** as follows:

      1.  Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the following Settlement Class is certified for the purposes of settlement:

All persons or entities within the United States of America who, at any time from September 17, 2008 through the date of the Settlement Agreement, received one or more Covered Calls. "Covered Calls" means either (1) a call utilizing a pre-recorded message; (2) a call made through the use of automated dialing equipment; or (3) a call made to a telephone number that was registered on the National Do Not Call Registry or that was on Vivint's internal "Do Not Call" list, where the call described in (1), (2) and/or (3) relates in any way to Vivint products or services or was intended to generate a sales lead to be delivered to Vivint. Covered Calls include calls initiated or made by Vivint or by someone acting or purporting to act on behalf of Vivint, relating in any way to Vivint or Vivint's business, including calls made by Vivint's Dealers, Vivint's Telemarketers, Vivint's Lead Generators, Vivint's Marketing Partners, or by anyone seeking to generate leads to be delivered to Vivint, or any calls initiated or made by anyone seeking to generate leads for anyone else where the lead sought to be generated from the call ultimately could have been delivered to Vivint or Vivint's Telemarketers, Vivint's Lead Generators, or Vivint's Marketing Partners. Covered Calls include any such calls, whether or not authorized by, approved by, or known by Vivint.

2. Pursuant to Fed.R.Civ.P. 23, and for settlement purposes only, Plaintiff Matthew Benzion is hereby appointed class representative and the following counsel are hereby appointed as Class Counsel:

> Scott D. Owens
> Scott D. Owens, P.A.
> 664 E. Hallandale Beach Blvd.
> Hallandale, FL 33009
>
> Edward A. Broderick
> Anthony I. Paronich
> Broderick Law, P.C.
> 125 Summer St., Suite 1030
> Boston, MA 02110
>
> Matthew P. McCue
> Law Office of Matthew P. McCue
> 1 South Avenue, Suite 3

Natick, MA 01760

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

Daniel J. Marovitch
Marovitch Law Firm, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606

  3. With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of Plaintiff Matthew Benzion (the "Class Representative") are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the class have a limited interest in individually prosecuting the claims at issue; (B) it is desirable to concentrate the claims in this forum; and (C) it is unlikely that there will be difficulties encountered in administering this Settlement. In the event that the Stipulation terminates pursuant to its terms for any reason, the conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and shall be null and void, and this

action shall revert to its status immediately prior to the execution of the Stipulation.

4. The Court has determined that the Notice given to members of the Settlement Class, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class, and fully complied with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, and with all applicable law.

5. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Order of Final Judgment and Dismissal.

6. The Court finally approves the settlement of this action in accordance with the terms of the Stipulation of Settlement, and finds that the Settlement is fair, reasonable, and adequate in all respects.

7. The Court orders the parties to the Stipulation to perform their obligations thereunder.

8. The Court dismisses this action, and the Released Claims, with prejudice and without costs (except as otherwise provided herein and in the Stipulation) against Plaintiff and all Settlement Class Members, and adjudges that the Released Claims and all of the claims described in the Stipulation of Settlement are released against the Released Parties.

9. The Court adjudges that the Class Representative and all Settlement Class Members who receive money from the Settlement Fund

under the Stipulation shall be deemed to have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Stipulation. The Court further adjudges that each Settlement Class Member who does not opt out of this settlement ("Non-Opt Outs"), but for whatever reason does not receive money from the Settlement Fund, shall be deemed to have fully, finally, and forever released relinquished and discharged all Released Claims against the Released Parties.

10. The Court further adjudges that upon the Effective Date, each of the Released Parties and all signatories to the Stipulation shall be deemed to have fully, finally and forever released, relinquished and discharged Plaintiffs, Class Counsel, and Defendant and its counsel from any claims (including Unknown Claims) for abuse of process, libel, malicious prosecution or similar claims arising out of, relating to, or in connection with the institution, prosecution, defense, assertion, or resolution of this action, including any right under any statute or federal law to seek counsel fees and costs.

11. Plaintiff and the Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Stipulation of Settlement against the Released Parties.

12. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Stipulation until the final judgment contemplated hereby has become effective and

5

each and every act agreed to be performed by the Parties hereto shall have been performed pursuant to the Stipulation; and (b) any other action necessary to conclude this Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Stipulation.

13. The Court approves payment of Class Counsel attorneys' fees in the amount of $1,676,315 plus costs and expenses in the amount of $107,503.31. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation. The Court, having considered the materials submitted by Plaintiff's counsel in support of final approval of the Settlement and their request for attorneys' fees and expenses and in response to the filed objections thereto, finds the award of attorneys' fees appropriate and reasonable in light of the substantial work performed by Plaintiff's counsel and the quantifiable benefit conferred on the Class. The Court also concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the fees followed agreement on the settlement benefits for class members. The Court notes that the Class Notice specifically and clearly advised the Settlement Class that counsel, as a group, would seek the award.

14. The Court approves the service fee payment of $20,000 for the Class Representative, and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

15. Neither this Final Order of Judgment and Dismissal nor the

Stipulation is an admission or concession by the Defendant of any fault, omission, liability, or wrongdoing. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendant. The final approval of the Stipulation does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Defendant or the Settlement Class Members.

16. Any objections to the Stipulation are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    23rd    day of February, 2015.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record